[No. 11332.   Department One. — May 19, 1888.]

MATHILDE SIEBER, RESPONDENT, v. ALEXANDER BLANC, APPELLANT.

LESSOR OF REAL PROPERTY — COMMON-LAW DUTY TO REPAIR. — At common law, there was no duty upon the landlord to put the property in any particular condition, or keep the same fit for any particular purpose.

COVENANT TO REPAIR. — A general covenant to repair is construed to mean within a reasonable time after notice.

STATUTORY OBLIGATION. — The only consequence of a breach of the obligation imposed by section 1941 of the Civil Code is, that the tenant may either vacate the premises or expend one month's rent towards the repairs.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*L. Quint,* and *Cary, Sullivan & Sullivan,* for Appellant.

*William H. Mott,* for Respondent.

HAYNE, C. — Action by a tenant against her landlord for injuries received by reason of the condition of the building.

The court found that "the floor of the back room of the second story of said premises was defectively and insufficiently supported, and the lumber in the flooring thereof worn and rotten." It does not appear that the landlord himself constructed the building, but at the time of the lease he "then and there covenanted and agreed with the plaintiff to repair said premises." Judgment passed for the plaintiff, and the defendant appeals.

At common law, there was no duty resting upon the lessor of real property (except, perhaps, where furnished houses were let for lodgings) to put or keep the property in any particular condition or fit for any particular purpose. (*Brewster* v. *De Fremery,* 33 Cal. 341; *Loupe* v. *Wood,* 51 Cal. 586; *Jaffe* v. *Harteau,* 56 N. Y. 398.) And where,

as here, the lessor made an express covenant to repair, such covenant was construed to mean in a reasonable time after notice from the tenant. (Taylor on Landlord and Tenant, 8th ed., sec. 330; Wood on Landlord and Tenant, ed. of 1881, p. 610; *Spellman* v. *Bannigan*, 36 Hun, 174.) There was no such notice in this case; and hence, so far as the action rests upon the covenant, the evidence is insufficient to support the somewhat general finding of the court.

Nor was there any liability arising from section 1941 of the Civil Code, which provides that the lessor of a building intended for the occupation of human beings must put it in a condition fit for such occupation. In the first place, it is not alleged or found that the building was intended for the occupation of human beings. And in the second place, it was held in *Van Every* v. *Ogg*, 59 Cal. 566, as we understand the decision, that the obligation imposed upon the landlord by section 1941 "should be limited by the extent of the privilege conferred upon the tenant" by section 1942; and that therefore the only consequence of a breach of the landlord's obligation is that the tenant may either vacate the premises, or expend one month's rent towards the repairs after notice, etc.

We therefore advise that the judgment and order denying a new trial be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.