[Civ. No. 197. Third Appellate District.—June 23, 1906.]

## T. I. BRETT, Appellant, v. L. P. BERGER, Respondent.

LEASE OF RANCH—REPAIRS—BURDEN ON TENANT—COMMON-LAW RULE NOT CHANGED.—Upon a lease of a ranch, in the absence of an express agreement between the parties, the common-law rule throwing the burden of making repairs to fences and barns upon the tenant is not changed in this state, and any right of action in the lessee against the lessor must flow alone from their agreement.

ID.—CONSTRUCTION OF LEASE—AGREEMENT OF LESSOR TO FURNISH MATERIALS AND ONE MAN—MEASURE OF DAMAGES FOR BREACH.—An agreement in the lease that the lessor is to furnish materials and the labor of one man to assist in needed repairs, and that the lessee is to furnish all labor necessary therefor, is not an agreement by the lessor to make repairs, and the only measure of damages for breach of the agreement on the part of the lessor is for the lessee to make the needed repairs, and charge the lessor with the cost of the materials and the labor of one man.

ID.—LIMITATION TO FUTURE REPAIRS—KNOWLEDGE OF PRESENT CON-
DITION—PRESUMPTION.—There being no implied covenant that the
landlord must make needed repairs, the covenant on his part is
to be construed as limited to future requirements for repairs, and
not as applying to the then condition of fences and barns which
were known to the lessee, and must be presumed to have been
accepted by him as satisfactory. If, at that time, expensive re-
pairs were contemplated, the parties would naturally have provided
in the lease for making them.

ID.—NEGLECT OF REPAIRS—DESTRUCTION OF CROPS BY STOCK—INJURY TO
HAY AND BARNS.—Where it appeared by the plaintiff's testimony
that the condition of the fences and barns was the same when
the loss complained of occurred, as when the lease was entered into,
he could not, as lessee, neglect to make repairs, and stand by and
see his crops destroyed by his own stock, and his hay injured by
rain in leaky barns, and expect the law to afford him compensation
for such damage.

ID.—NONSUIT.—Where the only damages sought by the lessee against
the lessor were for such injury to his crops and hay, and there was
no covenant or proof that he furnished the requisite materials and
labor for repairs, and no claim was made for cost of materials and
labor of one man, a judgment of nonsuit was properly entered
against him.

APPEAL from a judgment of the Superior Court of Lake
County. M. S. Sayre, Judge.

The facts are stated in the opinion of the court.

Bond & Haycock, for Appellant.

H. V. Keeling, and Crawford & Crawford, for Respondent.

CHIPMAN, P. J.—Defendant had judgment on motion for
nonsuit at the close of plaintiff's evidence. Plaintiff appeals
from the judgment on bill of exceptions.

Plaintiff and defendant entered into a written lease whereby
defendant let to plaintiff the premises called the Mount Carlo
Ranche for the term of five years commencing October 15,
1901, reserving to defendant the use of certain land and
buildings thereon. The lease was for a cash rental of $350,
payable in equal semi-annual installments. Among other
provisions of the lease was the following: "It is also under-
stood and agreed between the aforesaid parties that in the

event of any repairs being necessary to the fences or buildings on said premises and herein leased, that the party of the first part shall furnish all material necessary thereto, together with one man at his own cost and expense and that said party of the second part shall furnish all the labor necessary thereto at his own cost and expense." The action is for alleged damage to plaintiff's crops during three different years of the term, namely, to his growing crops during the summer of 1902 by reason of plaintiff's hogs breaking through the fences by which they were inclosed; by certain hay stored in the barns on the premises during the winter of 1902-03 being injured by rain beating through the alleged leaky roofs; by similar damage from plaintiffs' hogs destroying his crops in 1904; by loss of time in pursuing his cattle and hogs because of their escaping from their inclosures through the dilapidated fences. Damages are claimed solely "by reason of defendant's breach of said covenant (above set forth) committed by the defendant in not furnishing material necessary to repair said barn and fences and in not furnishing a man therefor, as aforesaid." It is alleged in the complaint and was proved that plaintiff frequently informed defendant of the condition of the fences and roof of the barn and called upon him to furnish the material required for necessary repairs and the labor of one man to make needed repairs, but defendant neglected and refused to do so. There is no allegation and no proof that plaintiff demanded of defendant that he make the repairs or do more than to furnish the material and the labor of one man therefor. Plaintiff testified that he "did all he could to repair said fences, and used such material as he could find on the place in repairing them, and also used his own material therefor, but that he did not have sufficient material to put them in condition to protect his said crops and control his stock." Whether plaintiff made any effort to obtain material by purchase or otherwise with which to make the repairs or that he was financially unable to provide the necessary money, does not appear. It did appear, however, that there were more than six miles of fencing on the place, which latter was divided into several fields, and that much of the fence needed "extensive repairs to make it sufficient to control his stock and to protect his said crops, and that the necessary repairs would have cost a large sum of money." It also appeared that defendant had a forty-acre vineyard, reserved in the

lease, and that defendant kept the fence around it in repair; plaintiff also testified that "he inspected the fences on said premises at the time he entered into the lease, and that said fences and other improvements were in a poor state of repair at that time, as poor, in fact, as they have been at any time since."

The motion for nonsuit was on the grounds: 1. That the complaint fails to state a cause of action; 2. That under the covenant sued upon, defendant is under no obligation to make any repairs, and that the measure of damages, if any, is the reasonable value of the services of a man, and the cost of the material necessary for making repairs, and that no such damage has been alleged or proved; that under the terms of the lease, or the said covenant, plaintiff is not entitled to recover anything for the value of the crops destroyed or by reason of defendant's failure to make repairs to any improvements on the premises.

Appellant concedes that the complaint does not state facts sufficient to constitute a cause of action if it be true, as held by the lower court, that plaintiff's only remedy, on the breach of the alleged covenant, was to procure the material and labor necessary to make the needed repairs, make them himself, and to recover the cost of the material and labor of one man; for, as is admitted, the complaint nowhere alleges and the proof fails to show that plaintiff made any repairs, or furnished any material or labor for making them. We are thus brought to consider what seems to us the sole inquiry in the case—namely, (1) Was defendant under any obligation to do more than furnish the material and the labor of one man? and (2) Failing to do this, Was he liable for the damage to the crops as the pleadings stand?

Appellant's contention is: 1. That the covenant in question "is a covenant on the part of the landlord to repair"; and hence the tenant may make the repairs and recover the cost from the landlord; or 2. He may leave the premises unrepaired and recover any damage he may have sustained from the landlord's fault therein.

Respondent's contention is: That the lessor is not compelled to make repairs unless there is some express agreement thereto, and that in the present case the obligation of the lessor, as to repairs, is limited solely to the furnishing of the necessary material and the labor of one man; and, failing in this, and

upon demand of the lessee, the latter had the right to supply both, make the repairs and charge the cost of the material and of this labor to the lessor; and that this is the measure and extent of the lessee's damages.

We know of no statute in this state, and our attention has been called to none, except in relation to "a building intended for occupation of human beings" (Civ. Code, secs. 1941, 1942), which, in the absence of an agreement to the contrary, requires the lessor to put the premises "into condition fit for occupation" or "to repair subsequent dilapidations thereof."

The common law has always thrown the burden of repairs upon the tenant, as being, in fact, a bailee of the premises, and bound to restore them substantially as he received them; and the rule is that the tenant cannot compel the landlord to repair, unless he has bound himself by an express agreement to that effect. (Taylor on Landlord and Tenant, 9th ed., sec. 327.) The tenant cannot make repairs at the expense of the landlord, unless there be a special agreement between them authorizing him to do so. He takes the premises for better or for worse, and cannot involve the landlord in expense for repairs without his consent. (Taylor on Landlord and Tenant, 9th ed., sec. 328; see *Sieber* v. *Blanc,* 76 Cal. 173, [18 Pac. 260]; *Callahan* v. *Longhran,* 102 Cal. 476, [36 Pac. 835].)

There being no statute changing the common-law rule in this state in cases such as this one, and the common-law rule being against appellant's contention, the right of action in appellant must flow from the agreement alone.

As there is no implied covenant, raised by law, that the landlord must make needed repairs, we do not think that the covenant in question should be given a construction not clearly deducible from its language. There is certainly no obligation cast upon the lessor to make repairs in any of the terms of the covenant. If any inference is to be drawn from the surrounding circumstances, at the time the contract was entered into, it is that as to the then condition of the fences and barns, it was known to the lessee and that condition must be presumed to have been accepted by him as satisfactory, and that the repairs mentioned had reference to future requirements. It appeared by plaintiff's testimony that the condition of the fences and barns was the same, when the damage complained of accrued, as when the lease was entered into. If at this latter time immediate and extensive repairs

had been contemplated, the parties would naturally have provided in the lease for making them.

It seems to us that no argument is required to show that the lessor's obligation, by the terms of the lease, extended no further than to furnish materials for repairs and one man's labor, when called upon to do so; and this seems to have been the lessee's construction of the lease, for by his testimony it appears that the only demand made by him upon the lessor was to do this and no more.

When the lessor refused to comply with this demand, inasmuch as there was no duty put upon him to do more, the lessee's only course left was to purchase the material necessary to make the repairs, supply the labor of one man, and he could then look to the lessor to pay for the outlay in money.

We are clearly of opinion that the lessee could not stand by and see his crops destroyed by his own stock and expect the law to afford him compensation for ensuing damage. His damage, and his only damage, is to be measured by the material and labor which the lessor agreed to furnish.

Plaintiff testified that "he did all he could to repair the fences." But he explained what he did and what he failed to do, and hence what he testified to was but a conclusion.

The cases cited by appellant to the effect that the lessee was not called upon to do that which the lessor had agreed to do have no bearing on this case, as we do not think the lessor had agreed to make repairs.

The judgment and order are affirmed.

McLaughlin, J., and Buckles, J., concurred.