[Civ. No. 5511.   First Appellate District, Division One.—November 29, 1927.]

FRANK R. STRONG et al., Respondents, v. E. A. MORRISON, Appellant.

Edward M. Selby for Appellant.

Kemp, Partridge & Kemp and Mitchell, Silberberg & Davis for Respondents.

STROTHER, J., *pro tem.*—This is an action to recover rent for space in a market house leased by plaintiffs to defendant. The complaint is in two counts, one for rent reserved in a written lease, the other for the reasonable rental value of the premises. In each count there are, in addition, claims for advertising of defendant's business, and furnishing refrigeration in accordance with the provisions of the lease. Defendant counterclaimed for damages for breach of the lease, and filed a cross-complaint for rescission and for damages.

The court found for plaintiffs on all of the issues except the claim for advertising, and defendant appeals from the judgment.

All of the provisions of the rather lengthy lease, which was introduced in evidence, were for the benefit of the lessors except the covenant that the lessee should have "the exclusive grocery privilege in this market as represented by our catalog issued monthly," and the agreement of the lessors to "maintain and conduct a public market in the above mentioned building." The lease also contained a provision that the lessee should "comply with the rules and regulations of the lessor as printed hereon now in force or which may hereafter be adopted."

On May 8, 1922, the defendant gave notice to plaintiffs of rescission of the contract of lease for failure to comply with the agreements to maintain a public market and to reserve to him the exclusive grocery privilege, and other alleged breaches of the agreement. On August 19th plaintiffs gave notice to defendant to pay the sums due under the contract within three days or quit. On August 23d defendant surrendered possession of the leased premises.

Appellant specifies in the bill of exceptions a number of particulars in which he claims the findings of the court are not sustained by the evidence, but all of the

findings to which he objects, except those relating to the exclusive grocery privilege and lessors' agreement to conduct a public market, are findings as to "rules and regulations" of the lessors, not covenants on their part. It was not necessary for the court to find at all as to those, which were evidently to be observed by the lessee, and which he expressly agreed might be changed at any time at the will of the lessors.

The term "public market" is used in the lease manifestly in a sense which is not its common or ordinary significance. Both parties recognized this, as each introduced evidence to show its meaning in the locality. This evidence was conflicting and the finding of the court will not be disturbed.

The defendant wrote several letters to the plaintiffs complaining of violations of his exclusive grocery privilege, and had one or more conversations with them in regard to it, but it does not appear that the defendant ever made any specific statement to the lessors of more than a few articles of groceries which were being handled by other lessees. On the day on which he gave notice of rescission he made an extended list of such articles, which was introduced in evidence. He did not at that time or later, although they had requested a specific statement, communicate it to the lessors. The nature and extent of infringement by other lessees of defendant's exclusive rights were matters which he was especially in a position to determine. The defendant himself admitted on his cross-examination at the trial that there were many articles as to which he complained which it was perfectly proper that other concessionaires should handle. In this indefinite state of his own mind as to the exact limits of his exclusive privilege it was certainly his duty to point out to the lessors the specific articles and give them an opportunity to correct the condition (*Sieber* v. *Blanc,* 76 Cal. 173 [18 Pac. 260]). Not having done so he cannot hold them liable for the damages he suffered by reason of the infringement.

The defendant's claim of right to rescind the lease was based upon the same facts as those contained in his counterclaim. As the evidence did not support the latter,

the trial court properly found against him on his cross-complaint for rescission.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.