## McMILLIN v. STAPLES.

1. **Action:** EXERCISE OF LAWFUL POWER. The rightful and *bona fide* exercise of a lawful power cannot afford a basis for an action. *Aliter,* if exercised negligently.

2. —— RULE APPLIED. A landlord leasing premises adjoining a vacant lot owned by himself is not liable to the tenant for damages caused by excavations for building thereon, unless negligently or carelessly done.

*Appeal from Cerro Gordo Circuit Court.*

TUESDAY, JUNE 10.

THE plaintiff by his petition claims to recover $88 for balance of rent due upon a written lease; $50 for hay and stabling furnished defendant's horse; and $32.12 for balance due on sixty-seven fence posts. A writ of attachment was asked for and issued. The defendant, by answer, admitted the amount claimed as balance for rent, and denied each of the other claims; and also by cross-action, asked for $150 as damages because plaintiff excavated a cellar on the lot adjoining the building leased him, whereby he lost the use of the basement story and lost sixty bushels of potatoes by freezing; and also claimed $50 for the wrongful suing out of the attachment. Jury trial, verdict and judgment for defendant, for eighty-seven cents rent. Plaintiff appeals.

*Stanbury & Stanbury* and *Husted & Cliggitt* for the appellant.

*Card & Miller, Hartshorn & Flint* and *C. Mackenzie* for the appellee.

COLE, J. — The evidence showed that the plaintiff leased to the defendant and his partner, the obligations of which lease the defendant had assumed, a certain store-room and basement for use in general merchandising; that the plaintiff had exca-

vated a cellar on the lot adjoining for the purpose of erecting another building, and the same was erected and finished about the 1st of November, but was not as deep from front to rear as the room and basement leased; the testimony also tended to prove that the defendant lost the profitable use of the basement story during the winter, and also lost about sixty bushels of potatoes, by freezing, therein, in consequence of such excavation. There was no testimony respecting any negligence by the plaintiff in making the excavation, nor was there any issue thereon.

The court instructed the jury as follows: " If you find that, by reason of the excavation made by the plaintiff on the north side of the leased premises, the defendant lost the use of a part of the leased premises, and had property destroyed thereby, then the plaintiff is liable in damages therefor, and the measure of damages is the worth of the use of that part of the premises of which he was deprived for the time during which such use was lost, and the value of any property destroyed thereby. *  *  *  *  * " This instruction is erroneous. It was said by this court in *Slatten* v. *The Des Moines Valley R. Co.*, 29 Iowa, 148, that "it must be true, as a general proposition, that the rightful and *bona fide* exercise of a lawful power or authority cannot afford a basis for an action. If the power or right is exercised carelessly, negligently, wrongfully or improperly (it may be maliciously), the party so exercising it may be liable to respond in damages for any injury, direct or consequential, resulting to another from thus exercising the right or power; but such liability can only arise upon and for the *manner* of doing it, and not for the act itself." This proposition seems to us to be, almost, if not quite, self-evident. When applied to this case, its correctness is verified. The plaintiff being the owner of the lot adjoining the leased premises, had the right, by virtue of such ownership, to build upon it, and to excavate a cellar, over which to erect his building. If the defendant had been the absolute owner of the leased premises — and his right as tenant cannot be greater than his right would be, if he was such owner — the plaintiff would

have had the undoubted right to excavate the cellar and erect his building, and that, too, without liability for any consequential damages to the leased premises, necessarily resulting therefrom, such as obstructing windows — not ancient or easement — exposure to increased cold, or the like. But, if such damages resulted from the negligent manner of doing the excavation or building, which ordinary care would have avoided, then the liability would arise. For instance, if, in making the excavation, the earth had been removed in such negligent manner as to leave the surface inclined toward the leased premises, and a heavy rain coming had, by reason of such inclined surface, forced its way into the cellar of the leased premises, doing damage, or if the damage resulted from any other act, which ordinary care would have avoided.

The premises were leased to be used "for general merchandise." The court permitted the defendant to ask two witnesses as to the value of the use of the basement "to a person engaged in the grocery business." It is not likely that we should reverse the judgment for this reason alone ; but we deem it proper to suggest that the safer course is to limit the inquiry to the purpose for which the premises were leased.

Because the court gave the instruction as above set out, and refused others embodying the rule above announced, the judgment is

Reversed.