MARY A. FLAHERTY, Appellant, v. W. C. NIEMAN.

**Landlord and tenant:** LICENSEE: EVIDENCE. A licensee enters upon
1 premises at his own risk, and cannot recover for injuries received from existing defects. Evidence held to show that plaintiff, in using a portion of the platform at the rear and adjoining the leased premises, was a licensee.

**Landlord and tenant:** RISK OF OCCUPANCY. A tenant takes possession
2 of leased property at the risk of safe occupancy, where defects therein are not concealed.

*Appeal from Delaware District Court.*— HON. FRANKLIN C. PLATT, Judge.

WEDNESDAY, NOVEMBER 16, 1904.

ACTION for damages. Verdict was directed for the defendant, and judgment rendered thereon. The plaintiff appeals.— *Affirmed.*

*A. A. House* and *Yoran, Arnold & Yoran,* for appellant.

*Bronson & Carr* and *Dunham. Norris & Stiles.* for appellee.

LADD, J.— The defendant was the owner of a two-story building facing the west. The ground floor was occupied as a blacksmith shop. The husband of the plaintiff rented the suite of rooms on the north side of the second story, on condition that defendant should cut a door in back end so as to open upon a porch to be erected along the rear end over to a platform back of the middle apartment, which was occupied by one Wragg as a billiard hall and confectionery. The room to the south was used as a storeroom by defendant. The improvements promised were made, and plaintiff with her family moved into the north rooms. She had been there several years when on the 24th day of September, 1902, she stepped on the old portion of the porch back of the middle apartment to get some rain water from a tub she kept immediately north of the door to such apartment. The part of the platform where the tub was sitting, immediately south of that back of the plaintiff's rooms, fell, precipitating her to the ground, and caused the injuries of which she complains.

1. LICENSEE: evidence.

Appellant insists that the platform and stairway were reserved by the landlord for use of the tenants in common, and that for this reason he was bound to keep them in repair. The evidence, however, fails to show such a state of facts. The platform back of plaintiff's rooms was constructed in pursuance of the oral lease for Flaherty's use, and there is not a particle of evidence in the record indicating that it was ever reserved, or that any one save Flaherty had any right to its occupancy. The stairway leading to the back yard was attached to this part of the platform, so in going up and down stairs there was no occasion for passing over that portion in the rear of the middle apartment. Whether the tenant thereof had the right also to use the stairway is immaterial, for that did not fall. Nor is there any evidence indicating that under the oral lease Flaherty was to occupy any of the porch other than that back of his rooms, or that the owner had reserved that back of the middle apartment

for himself or for use in common. The most that can be said is that the stairway may have been used in common by both tenants, but defects in it in no way contributed to the accident.

If, then, the plaintiff occupied the platform back of the middle apartment with her tubs or other articles, she did so as a mere licensee, and not by virtue of the lease. But a licensee enters at his own risk, and cannot recover for injuries caused by existing defects in the premises. *Stevens v. Nichols,* 155 Mass. 472 (29 N. E. Rep. 1150, 15 L. R. A. 459); *Sterger v. Van Sicklen,* 132 N. Y. 499 (30 N. E. Rep. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594); *Mc-Gill v. Compton,* 66 Ill. 327; 18 Am. & Eng. Enc. of Law (2d Ed.) 1136. "Permission involves leave and license, but it gives no right. If I avail myself of permission to cross a man's land, I do so by virtue of a license, not of a right. It is an abuse of language to call it a right. It is an excuse or license, so that a party cannot be treated as a trespasser." Martin, B., in *Bolch v. Smith,* 7 Hurl. & N. 745. In *Severy v. Nickerson,* 120 Mass. 306 (21 Am. Rep. 514), the court observed, in considering this subject, that the "distinction which exists between the obligation which is due by owners of premises to a mere licensee who enters thereon without any enticement or inducement, and to one who enters upon lawful business by invitation, either express or implied, is well settled. The former enters at his own risk. The latter has a right to believe that by taking reasonable care of himself all reasonable care has been used by the owner in order that no injury may occur."

The suggestion that the license was coupled with an interest is not borne out by the record. The premises were leased in the condition they were in, save the improvements mentioned. There is no claim that defects, if

2. LANDLORD AND TENANT: risks of occupancy.

any existed, in the platform back of plaintiff's rooms, were concealed. In these circumstances the rule *caveat emptor* applies, and it is for the lessee to

make the examination necessary to determine whether the premises he hires are safe and adapted to the purposes for which they are hired.   In the absence of concealed defects, he takes the risk of safe occupancy.   *Harpel. v. Fall,* 63 Minn. 520 (65 N. W. Rep. 913); *Booth v. Merriam,* 155 Mass. 521 (30 N. E. Rep. 85); *Moynihan v. Allyn,* 162 Mass. 270 (38 N. E. Rep. 497); *Boyer v. Commercial, etc., Co.,* 110 Iowa, 491.

The ruling of the court was correct, and the judgment is *affirmed.*