PERRY M. DIVINES, Appellee, v. JACOB M. DICKINSON, Receiver, et al., Appellants.

LANDLORD AND TENANT: Premises—Possession, Enjoyment,
1 and Use—Repairs. In the absence of a covenant or agreement by the landlord to make repairs, or to maintain the leased premises in a safe and suitable condition for the occupancy and use of the tenant, he is not bound to do so.

LANDLORD AND TENANT: Premises—Possession, Enjoyment,
2 and Use—Duty of Landlord. While a tenant could not require the landlord to repair a defect existing at the time of the lease, or occurring thereafter from causes other than the landlord's acts, nevertheless the landlord was under an implied obligation not to disturb or otherwise interfere with the leased premises.

LANDLORD AND TENANT: Premises—Possession, Enjoyment,
3 and Use—Duty of Landlord. It was the duty of the landlord,

after removal of the building adjoining the one leased, to take such steps as were reasonably necessary to maintain the leased building in the condition in which it was at the time the lease was entered into, except as to defects or injuries other than from his acts.

LANDLORD AND TENANT: Premises—Possession, Enjoyment, 4 and Use—Negligence of Landlord. Evidence reviewed, in an action against a landlord by a tenant for injuries to property from the collapse of a wall on leased premises, and held sufficient to go to the jury on the question whether the landlord was negligent, and had caused an adjoining building to be removed, without making reasonable provision for protecting the leased premises from becoming untenantable or dangerous, because of the weakening or exposure of the wall and foundation to the action of the elements.

RECEIVERS: Negligence—Duty to Tenant on Company's Property. 5 Evidence reviewed, in an action against a receiver of a railway for injuries to property by the removal of adjoining wall of leased premises, where there was nothing to indicate that the receivership was not for the general purpose of defending and protecting the property of the railway company, and held sufficient to go to the jury upon the question whether the receiver, who had been appointed after the removal of the wall, was negligent in failing to brace the tenant's wall, after notice that the foundation was giving away.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

SEPTEMBER 26, 1919.

REHEARING DENIED JULY 6, 1920.

ACTION by a tenant against his landlord for damages resulting from his alleged negligence in removing buildings adjoining the demised premises. There was a judgment upon the verdict of the jury in favor of plaintiff. Defendant appeals.—*Affirmed.*

*F. W. Sargent, Tracy & Tracy,* and *J. H. Johnson,* for appellants.

*Power & Power* and *Hirsch & Riepe,* for appellee.

STEVENS, J.—I. The defendant railway company in 1912 became the owner of three buildings in the city of Burlington, known as Nos. 106, 108, and 110, Jefferson Street. Defendant thereafter orally leased No. 110 to plaintiff, who had for some time been in possession thereof as a tenant. Plaintiff paid his rent monthly, and occupied the first floor for business purposes, and the second as a residence. The building at 106 was partially destroyed by fire, and, in 1914, defendant entered into a contract with one Gilbert to wreck this building; but, after a portion of the building had been removed, the contractor discovered that it could not be completed without wrecking the building at No. 108, whereupon defendant contracted with Gilbert to wreck both buildings. The buildings were wrecked without other compensation than the salvage received therefrom. The building in question was a very old three-story brick, resting upon an independent stone foundation, and was erected long prior to the adjoining buildings. The joist in building No. 108 was inserted in openings made for that purpose in the east wall of the leased building, but the lower joist rested upon the stone foundation. There was a cellar under the building at Nos. 108 and 110, the latter being about 18 inches deeper than the former.

Plaintiff was engaged in the bird and goldfish business, and kept a small stock of glassware. On April 13, 1916, a portion of the foundation of the east wall of the building in question gave way, and on the following day collapsed, resulting in serious loss to plaintiff's stock of birds, fish, and glassware.

The negligence charged in plaintiff's petition is, in substance, as follows: That, in removing said adjoining buildings, the east wall of the leased building was greatly weakened, and the support received from the adjoining buildings removed; that the work of removing said buildings was carelessly and negligently done, and the building occupied by plaintiff rendered dangerous and unsafe; that the said

railway company neglected and failed properly to support the east wall of the building, after the supports from the adjoining building had been removed.

Counsel for appellants rest their contention upon two propositions: (a) That the oral lease under which plaintiff held possession of the building did not require defendant to repair the building or maintain it in a safe or suitable condition for occupancy; and (b) that Gilbert was an independent contractor, for whose negligence, if any is shown in the removal of the adjoining buildings, resulting in injury to the building occupied by plaintiff, defendant would not be liable.

1. Landlord and Tenant: premises: possession. enjoyment, and use: repairs. The law is well settled that, in the absence of a covenant or agreement by the landlord to make repairs or maintain the leased premises in a safe and suitable condition for the occupancy and use of the tenant, he is not bound to do so. *Flaherty v. Nieman,* 125 Iowa 546; *Wood v. Carson,* 257 Pa. 522 (101 Atl. 811); *Beaulac v. Robie,* (Vt.) 102 Atl. 88; *Brown v. Dwight Mfg. Co.,* (Ala.) 76 So. 292; *Samuels v. A. M. Realty Co.,* 165 N. Y. Supp. 979.

2. Landlord and Tenant: premises: possession. enjoyment. and use: duty of landlord. The right of defendant to remove the building adjoining the leased premises must also be conceded, as well as the general rule urged by counsel for appellant that the employer is not liable for injuries resulting from the negligence of an independent contractor. The difficulty is not with the rules of law above stated, but with the application sought to be made thereof. Plaintiff does not seek to recover upon the theory that defendant was liable for the negligence of Gilbert, who, it is conceded, was an independent contractor, nor upon the ground that defendant owed the plaintiff the duty to make repairs upon the leased building, except such as were made necessary by the negligent, wrongful act of the defendant in removing the adjoining building, with-

out purposely protecting the leased premises. While
plaintiff could not require the defendant to repair the
defects existing therein at the time he leased the same,
or occurring thereafter from any other cause than the acts
of defendant, nevertheless the defendant was under the im-
plied obligation not to disturb, or in any way interfere with,
the leased premises, or plaintiff's use and occupancy thereof.
It may be that some of the brick were loosened in the wall,
when the joist inserted therein was removed by the inde-
pendent contractor; but there is little, if any, evidence tend-
ing to show that the work of wrecking the old building
was negligently done. The effect of it, however, was• to
leave a brick wall, three stories high, resting upon a founda-
tion built out of small stone and mortar, with the openings
left by the removal of the joists exposed to the elements,
and the foundation, to the action of water accumulating
in the basement under the former adjoining building. No
immediate serious consequences to plaintiff followed. The
wall remained standing for more than eighteen months be-
fore it collapsed. At the time the oral lease was entered
into, the wall had the support and protection of the ad-
joining building, and its foundation does not appear to
have been endangered by water.

3. LANDLORD
AND TENANT:
premises:
possession,
enjoyment,
and use:
duty of
landlord.

Under the rules stated, it was the duty
of defendant, after the removal of the ad-
joining building, to take such steps as were
reasonably necessary to maintain the leased
building in the condition in which it was at
the time the oral lease was entered into,
except as to defects or injuries resulting thereto, independ-
ent and apart from the negligence or other acts of the
defendant.

4. LANDLORD
AND TENANT:
premises:
possession,
enjoyment,
and use:
negligence of
landlord.

The tenancy, which began under an oral
lease, continued at will, and it was the duty
of defendant not to interfere with or do any
act which would necessarily injure or im-
pair the safety of the building, or from
which such consequences might reasonably

be anticipated. It was a question of fact for the jury to determine whether the defendant was negligent in causing the building to be removed without making reasonable provision for protecting the leased premises from becoming untenantable or dangerous, because of the weakening or exposure of the wall and foundation to the action of the elements. Numerous cases are cited by counsel for appellant to sustain their contention that defendant had an absolute right to remove the buildings, and, in the absence of an agreement to repair the same, cannot be held liable, even though the effect of such removal was to expose the tenant to hazards not previously existing.

The court in *McMillin v. Staples*, 36 Iowa 532, held that the owner of a lot adjoining the leased premises had a right to excavate the same for the purpose of erecting another building, and was not liable to the tenant for the loss of potatoes in the basement of the leased building by freezing, due to the exposure thereof to cold on account of the excavation; but the court specifically held:

"If such damages resulted from the negligent manner of doing the excavation or building, which ordinary care would have avoided, then the liability would arise."

*Ward v. Fagin*, 101 Mo. 669 (10 L. R. A. 147); *Doupe v. Genin*, 45 N. Y. 119; *Sherwood v. Seaman*, 2 Bosworth (N. Y.) 127; *Brewster v. DeFremery*, 33 Cal. 341, cited by counsel for appellant, were all decided upon the proposition that the landlord had not covenanted to repair or maintain the building in a suitable condition for use. No negligence against the landlord was charged. The holding of the court of Common Pleas in *Rotter v. Goerlitz*, 16 Daly (N. Y.) 484, is opposed to the conclusion announced herein; but none of the other cases cited by counsel are inconsistent therewith.

The court instructed the jury that, if it found from the evidence that the collapse of the wall was not caused by the removal of the adjoining buildings, or if same was caused by the action of the elements alone, unaffected and not contributed to by the removal of the adjacent building,

defendant would not be liable. The theory upon which the case was submitted to the jury by the court was that, to charge the defendant with liability, negligence in exercising its right to remove the adjoining building must be shown: that is, if the removal of the adjacent building, in the exercise of due care, would of itself have been a menace or danger to the leased building, and the injury complained of resulted therefrom, then defendant would be liable for such damages as were directly occasioned thereby. The case was properly submitted.

5. RECEIVERS: negligence: duty to tenant on company's property.

II. Jacob M. Dickinson was appointed receiver of the defendant railroad on April 20, 1915, several months after the buildings were removed, but before the wall of the leased building collapsed. At the close of the evidence, the receiver moved the court for a directed verdict in his favor; but the motion was overruled. Judgment was entered on the verdict and against both defendants. It is now the contention of the receiver that a motion for a directed verdict, made at the close of the evidence, should have been sustained, upon the ground that whatever negligence is shown, occurred before the receiver was appointed, and that no negligence is shown upon his part. Whatever merit there may be in appellant's contention that, if the injuries in fact were received before the appointment of the receiver, he would not be liable, it does not follow therefrom that the judgment against him should not be permitted to stand. Evidence was offered by plaintiff, tending to show that defendant could, by the exercise of reasonable care, have prevented the collapse of the wall, after actual notice that the foundation was giving way had been served upon its agent. A witness, called in plaintiff's behalf, testified that, by proper bracing after the foundation began to give way, the wall could have been prevented from falling. Upon this question, the court, in substance, instructed the jury that, if bracing would have been effectual to prevent or lessen the damage, and it found from the evidence that the weakened condition of the building was due to the defend-

ant's negligence, then it was the defendant's duty to use reasonable care to prevent damages by bracing the wall.

The receivership is admitted, but the purpose thereof is not shown; and there is nothing in the joint answer of defendants, or in the evidence offered, to indicate that it was not for the general purpose of managing and controlling the property of the defendant railroad company, and of operating its lines of railway. One of the agents employed in the railroad office signed a written notice that was served upon plaintiff on April 13th, saying that the building was unsafe, and warning him to immediately remove therefrom.

The jury may have found from the evidence that the defendant receiver was negligent in failing to brace the wall after notice that the foundation was giving way. Other matters argued by counsel do not present cause for reversal, and need not be discussed. Since we find no reversible error in the record, the judgment of the court below is—*Affirmed.*

WEAVER, GAYNOR, and PRESTON, JJ., concur.