Hamilton, J.
Error is prosecuted here to reverse the judgment of the trial court, based on an instructed verdict, in a case wherein a tenant sought to hold a landlord for personal injuries suffered by her.
The record discloses the following state of facts. The plaintiff in error, Alma Vondenberger/who was plaintiff below, was a tenant of the defendant and occupied two rooms on the second floor of defendant’s property. Adjoining the property was a factory building, the wall of which extended beyond the wall of the property occupied by plaintiff, forming an “L.” Defendant had constructed-a wooden fire-escape for the employes of the factory building, the platform of which was in the “L”, built on a level with and extending from the window of the rooms occupied by plaintiff to the window of the factory building. There was a rope swung across over the platform, and, at the time of the renting of the property by plaintiff, plaintiff’s husband made some inquiry of the representative of the landlord with reference to the wooden fire-escape, as to its safety, and the use of the rope swung across, and was told by him that the fire-escape had been inspected and approved by the proper authorities and was perfectly safe; that the rope was to hang things on and had been used by the former tenants for that purpose, and that plaintiff could use the platform for the same purpose. To get out on the platform from the rooms of the plaintiff, it was necessary to climb through a window. The plain *287 tiff had been occupying the premises for considerable time, when, on an occasion in which she was on the platform for the purposes suggested, the platform gave way, precipitating her to the ground, 'and as a result she claims to have been seriously injured. The platform was no part of the premises rented by plaintiff, and, as above stated, was constructed for fire-escape purposes.
Upon this state of the evidence, the trial court held that the plaintiff was a mere licensee on the platform, and, therefore, the landlord violated no duty, and instructed the jury to return a verdict for the defendant. Was this error ?
The only question raised by the record is, Was plaintiff on the platform at the time it gave way by the invitation of the defendant, express or implied, or was she there as a mere licensee? A landlord owes no duty toward trespassers or licensees, except in case he knowingly permits the premises to become a trap, when circumstances might arise where he would become liable. Sweeny v. Old Colony & Newport Rd. Co., 10 Allen (92 Mass.), 368; Phillips v. Library Co. of Burlington, 55 N. J. L., 307; Berlin Mills Co. v. Croteau, 88 Fed. Rep., 860, and Pitts., Ft. W. & C. Ry. Co. et al. v. Bingham, Admx., 29 Ohio St., 364.
Nothing of that kind is alleged or claimed in this case. However, if the plaintiff was there by invitation, express or implied, a different rule applies.
The line of distinction between a licensee and an invitee is not clearly marked, but the general rule is that if one comes upon the premises of the owner, with his consent, for some purpose in which'the owner may be interested, the owner would be held *288 to have invited the other, either by express or implied invitation. But, if the owner of the premises gives permission to another to come upon his premises solely for that person’s own purposes, the latter would be a mere licensee and would assume the risks of the premises as they exist.
Fairly construed the evidence presented by the record shows that the plaintiff was using the platform for her own convenience with express permission of the landlord, but that this permission did not amount to an invitation, as the use or nonuse of the platform by the plaintiff for the hanging out of clothing or other articles was of no consequence or interest to the landlord.
A case somewhat similar in its facts is that of Flaherty v. Nieman, 125 Iowa, 546. In that case the plaintiff, who occupied the rooms on the second floor, was permitted to keep a tub for water on the porch, back of the apartment next to hers, and in going out on that back-porch to get water from the tub the platform fell and she was precipitated to the ground and injured. The court held that she was a mere licensee and was not entitled to recover. Also see Cincinnati, H. & D. Rd. Co. v. Alter, 64 Ohio St., 183, and cases there cited, and Ivay v. Hedges, 9 L. R., Q. B. D., 80.
The court did not err in instructing the jury for the defendant.
The judgment will be affirmed.

Judgment affirmed.

Shohl, P. J., and Cusiting, J., concur.