CHICAGO JOINT STOCK LAND BANK, Appellant, v. EMIL EGGERS et al., Appellees.

No. 41211.

JUNE 24, 1932.

Ben J. Gibson and Bolter & Murray, for appellant.

P. W. Harding and Robertson & Wolfe, for appellees.

ALBERT, J.—Plaintiff sued defendants to recover unpaid rent on a 500-acre tract of land which defendants had previously rented from the plaintiff under a written lease. The case was submitted to the jury under instruction requiring the jury to answer two questions therein submitted. The jury having performed its duty and answering such questions adversely to the defendants, they filed a motion for a new trial, setting out 14 different grounds therein. All of the grounds of the motion were overruled except that the court sustained the ground charging misconduct on the part of one of the jurors and granted a new trial on this ground alone; and the correctness of this ruling by the court in sustaining this motion is the sole question raised by the plaintiff on its appeal.

Generally speaking, the record shows that during the trial of this case, which was held at Logan, in Harrison county, this juror rode in an automobile from Logan to Dunlap, a distance of 18 miles, with one C. F. Maynard, who was the field representative and the principal witness for the plaintiff in this case. Without further detail of the evidence had on hearing on this motion, we are disposed to think the ruling of the court thereon was correct. The granting of the motion for a new trial is a discretionary matter with the trial court, and we have persistently refused to interfere therewith unless it appears there has been an abuse of the exercise of this discretion. See Rosche v. Bettendorf Axle Co., 168 Iowa 461, and cases there cited; also Utseth v. Pratt-Mallory Co., 208 Iowa 1324; Jelsma v. English, 210 Iowa 1065.

A hearing was had on this motion for a new trial, and evidence taken of the recalcitrant juror and some other parties. The court heard these witnesses testify, saw their action and

demeanor, and therefrom and from the testimony reached a conclusion that "the conduct on the part of said juror is such that the defendants should be granted a new trial on the ground of her misconduct." We can not find anything in the record which would lead us to overrule the action of the court in this matter. It evidently followed the rule laid down in Lynch v. Kleindolph, 204 Iowa 762, and made no error in so doing. It follows, therefore, that the action of the court is affirmed on the plaintiff's appeal.

As to the defendants' appeal, their complaint is from the action of the court in striking out the counts set up as set-offs in their answer and counterclaim, and directing a verdict against them thereon.

The first count of the counterclaim for set-off is an alleged breach of the lease by the plaintiff for its failure and refusal to furnish any material, posts, wire or staples to construct and maintain the fence on said farm.

The second count is also an alleged breach of the lease by the plaintiff for its failure to furnish material to rebuild and repair a chicken house.

The third count is another alleged breach of the lease for a failure to furnish the material, posts, wire and staples to repair a fence other and different from that referred to in the first count.

The fourth count was withdrawn by the defendants.

The said motion as to count one of this counterclaim was bottomed on the grounds:

1st. That there was no evidence offered to support the provisions thereof.

2d. That under the undisputed evidence, the plaintiff was under no obligations to furnish any of the material necessary to repair and rebuild the pasture fence, and there is no covenant in the lease to that effect.

3d. That there was no evidence offered of any damage sustained by the defendants by reason of the failure to furnish the material in question, nor is there any evidence of any expenditure, on the part of the defendants, for the material necessary for the repair or rebuilding of the fence in question.

Each of the grounds above stated attacking the first count of the counterclaim were repeated as to the second count, and

further objection is made that there is no proper measure of damages shown.

· As to the third count, the same grounds are made the basis of attack as those attacking the first ground, and it is added that under the evidence in the case, the defendants have not proven any alleged damages as set forth in said count.

The aforesaid motion to dismiss seems to have been accompanied by a motion for a directed verdict in favor of the plaintiff as against all matters set out in the defendants' counterclaim. The ruling made by the court on this motion to dismiss is: "The plaintiff's motion for a directed verdict as to such matters set out in said counterclaim is sustained."

Neither party has favored us with an abstract of the evidence introduced on the trial of this case. An amendment was filed by the defendants to their abstract attempting to cover this failure, but the same consists wholly of conclusions of the maker thereof as to what testimony various witnesses gave, and can not, therefore, be considered by us in determining this case.

By reference to the above motion to dismiss and for a directed verdict it will be noticed that the grounds set out attacking each of said counts included a charge of no evidence to support the allegations of the respective counts, and the finding of the court was that the defendants had not suffered any actionable damage on account of any of the matters set forth in counts 1, 2 and 3 of their counterclaim; but the court sustained the plaintiff's motion for a directed verdict generally, and as to each count there was a charge of insufficient evidence to support the matters set out in the count, and insufficient evidence to show damage or the proper measure thereof. None of these questions can be determined by us without having· the evidence in the case before us; hence we would be warranted in stopping at this point without further attention to other claims made by the defendants, appellants.

We might say, however, that one of the questions seriously urged arises from the fact that as to the fence referred to in the first count of the counterclaim, the record shows that the same was wholly destroyed by fire.

The original lease under which the defendants were occu-

pying this property provided, so far as this matter is concerned:

"The party of the second part [the defendant] is to keep said premises, including fences and buildings, in good repair, loss by fire * * * excepted; the materials to be furnished by the party of the first part free of expense and the party of the second part to do the hauling and furnish the labor free of charge. The first party agrees to furnish the material and the second party the labor to repair the chicken house."

It is under this provision of the lease that the defendants seek to recover on their counterclaim on all three counts thereof. It is the well settled rule in this state that in the absence of a covenant or agreement by the landlord to make repairs or maintain the leased premises in a safe and suitable condition for occupancy and use of the tenant, he is not bound to do so. See Divines v. Dickinson, 189 Iowa 194, l. c. 197, and cases there cited.

We therefore approach this question under the above rule that there was no duty on the part of the plaintiff to keep this property in repair unless the lease so provided, but the lease provides that the second party (the defendant) is to keep the premises in repair except where the loss is by fire. We then have the situation that under our prior pronouncement, the plaintiff was under no obligation to keep this property in repair, and as to the defendants, the fence having been totally destroyed by fire, under the provisions of the lease there was no duty on the part of the defendants to keep the property in repair, because, where the loss occurred by fire, it was excepted from the very terms of the lease. The defendants therefore could not recover from the plaintiff for a breach of the lease, when under the terms of the lease, there was no duty on the part of the plaintiff to repair the property. This is an added reason why the action of the court in directing a verdict as to the first count of the petition was right.

As to the second count, the plaintiff pleaded that the same was waived by an agreement that certain other buildings were to be used by the defendants for housing chickens; and as the evidence in the case is not before us, and the court having di-

rected a verdict on this count, we must assume that the evidence in the case sustained this allegation of the plaintiff's.

As to the third count,—the other fence in controversy,— plaintiff alleges that the same was in fact repaired by the defendants, and there is no showing in the evidence of any damage sustained by the defendant by so doing, and no proper measure of damages shown. Without the evidence before us, we can not hold that the court did otherwise than the right thing in directing a verdict in favor of the plaintiff on the third ground.

We find no error in the record which would warrant us in reversing this case on the defendants' appeal; hence the action of the district court is affirmed as to their appeal.—Affirmed on both appeals.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.