Robert M. WEBER, Plaintiff-Appellant,

v.

Thelma SCHLEMMER and Harold Schlemmer, Defendants-Appellees.

No. 16675.

United States Court of Appeals Sixth Circuit.

Aug. 18, 1966.

William J. Wise, of Wise, Smith & Brose, Cincinnati, Ohio, for appellant.

Bruce B. McIntosh, of McIntosh & McIntosh, Cincinnati, Ohio, for appellees.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

This appeal involves questions as to the propriety of a summary judgment entered by the District Court dismissing plaintiff's complaint, in which he sought to recover damages for personal injuries sustained when he fell from a defective outside stairway on defendants' residence property.

Weber was an independent contractor, engaged in the installation of floor coverings in private residences and office buildings.

Thelma Schlemmer was the owner of a two-family residence property. Her husband, Harold Schlemmer, had an interest therein. The second floor apartment of the residence property had been rented for many years on a month to month basis to a tenant named Emma Anderson. Ingress and egress to and from the second floor apartment were by means of inside and outside stairways. The tenant used the outside stairway except in inclement weather.

Mrs. Schlemmer, in company with the tenant, purchased from McAlpin Company, a department store in Cincinnati, Ohio, linoleum for the bathroom and kitchen floors of the upstairs apartment. The linoleum was charged to the charge account of Mrs. Schlemmer, and as part of the contract of sale McAlpin Company agreed to install it.

█ Weber was employed by McAlpin to install the linoleum. He, accompanied by his helper, went to the back door of the Schlemmer residence with the linoleum and his equipment, and was directed by Mrs. Schlemmer to use the outside stairway to gain access to the upstairs apartment. Weber installed the linoleum and was leaving the upstairs apartment, descending the outside stairway, when the entire stairway collapsed and he was precipitated to the ground, sustaining serious injuries, to recover damages for which he filed the present action in the District Court against the Schlemmers. Jurisdiction was based upon diversity of citizenship. The law of Ohio admittedly governs the question of liability in this case.

In passing upon the motion for a summary judgment, the District Court considered the depositions of Thelma Schlemmer and Weber, and the affidavits of the tenant, Emma Anderson and Weber.

Thelma Schlemmer, in her deposition, and Emma Anderson, in her affidavit, deposed in substance that Schlemmer merely permitted Anderson to use her charge account to purchase the linoleum, and that Anderson later reimbursed her for the cost of it.

The Schlemmers had replaced the old outside stairway about eight years ago. Since that time Mrs. Schlemmer had her

nephew replace a step which had cracks in it.

In Weber's affidavit he stated that Mrs. Schlemmer was present in the upstairs apartment during the installation of the linoleum, for the purpose of inspecting the work; that she instructed him to cut the linoleum so that it would fit tightly against the walls of the rooms in order that dust and dirt would not accumulate underneath the linoleum; that she requested him to instal a metal strip at the edge of the linoleum at the doorway in order to protect the edge of the floor covering; that she expressed the opinion that she had obtained a "good buy" in purchasing the linoleum, and asked him whether he thought she had "gotten a good piece of linoleum."

When Weber finished his work he asked Mrs. Schlemmer to look it over and advise him whether she was satisfied with the floor. She indicated her satisfaction and signed a written form of acceptance of the job, which was required by McAlpin's.

In granting the motion for summary judgment the District Judge relied on two grounds asserted by the Schlemmers: First, he held as a matter of law that Weber was a business invitee of the tenant, Emma Anderson, and not of the landlord, Mrs. Schlemmer; that Weber went to the premises for the purpose of installing the linoleum "for which the second floor tenant had contracted with plaintiff's employer [McAlpin]." He held that as between Weber and Schlemmer, Weber was a mere licensee. Second, he held that the outside stairway was in the exclusive possession and control of the tenant, and hence the landlord was not liable for injuries sustained by reason of its defective condition.

In S. J. Groves & Sons Co. v. Ohio Turnpike Comm'n, 315 F.2d 235 (6th Cir. 1963), cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963), we discussed the law applicable to the use of summary judgments. In Rogers v. Peabody Coal Co., 342 F.2d 749, 751 (6th Cir. 1965) *Groves* was followed and we ruled that only in exceptional cases should personal injury cases be disposed of by summary judgment. In our opinion, this was not such a case.

■ We do not find from the record in this case, any relationship between the tenant and plaintiff's employer, McAlpin Company. The contract of purchase and installation of the linoleum was between McAlpin Company and Mrs. Schlemmer, and not with the tenant, Emma Anderson, who was a stranger thereto. Since Mrs. Schlemmer made the purchase, the jury could properly find that Weber was her business invitee for the purpose of installing the linoleum. This would be sufficient to impose liability on Mrs. Schlemmer for her negligence. Scheibel v. Lipton, 156 Ohio St. 308, 102 N.E.2d 453 (1951), relied on by Schlemmers, involved the liability of the owner of property to a social invitee. The Court recognized that there is a different kind of liability to a business invitee, to whom the owner owed a duty to exercise ordinary care, id. at 326–328, 102 N.E.2d 453. See also S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132 (1927); Flury v. Central Publishing House, 118 Ohio St. 154, 160 N.E. 679 (1928).

Furthermore it could be argued with reason that the linoleum would improve the property and was intended to become a fixture. At trial, evidence of the relationship between the parties, the mode of annexation, and the expressed intent, could be considered by the jury in deciding the character of the floor covering after its installation. If it was a fixture, Mrs. Schlemmer, as owner of the fee, would have a substantial interest in the linoleum, regardless of who actually bore the cost of its purchase. Because of this interest, the jury could certainly find that plaintiff was an invitee of the landlord, Mrs. Schlemmer. See Hager v. Cleveland Trust Co., 29 Ohio App. 32, 40, 163 N.E. 46 (1928); Vondenberger v. Schaaf, 13 Ohio App. 285, 287 (1920).

■ With respect to the second ground, the liability of a landlord for injuries sustained by a third person on premises leased to a tenant, depends up-

on the landlord's having possession or control of the property. Cooper v. Roose, 151 Ohio St. 316, 85 N.E.2d 545 (1949).

Where the landlord reserves the right to direct and supervise any alterations made by the tenant, he may be held liable to an invitee of the tenant, when he has knowledge of the alterations. Stackhouse v. Close, 83 Ohio St. 339, 94 N.E. 746 (1911). In such a situation the landlord is deemed to be in partial control of the premises and owes a duty to an invitee to exercise ordinary care.

The jury could have found from all of the activities of Mrs. Schlemmer in this case that she was exercising partial control over the premises and was therefore liable for her negligence.

There were genuine factual issues in this case and inferences to be drawn therefrom. These issues, in our opinion, could not properly be disposed of by summary judgment.

The judgment of the District Court is reversed and the cause is remanded for further proceedings consistent with this opinion.