STATE of Iowa, Plaintiff–Appellee,

v.

John Charles LeGRAND,
Defendant–Appellant.

No. 88–49.

Court of Appeals of Iowa.

April 25, 1989.

William L. Wegman, State Public Defender, and Raymond E. Rogers and James F. Whalen, Asst. Public Defenders, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., and Harold Denton, Asst. Linn County Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

The defendant appeals from his conviction by a jury of first-degree murder. He contends that the trial court erred by refusing to submit voluntary manslaughter as a lesser-included offense. He also asserts that his right to a fair trial was violated when sheriff's deputies transported jurors to the courthouse during deliberation.

In 1987 the State charged John LeGrand with first-degree murder for killing a young woman named Julie Vosmek by slitting her throat, stabbing her, and crushing her skull with a hammer. LeGrand admitted responsibility for Vosmek's death, but at trial offered a defense of cocaine intoxication and requested the court to submit voluntary manslaughter as a lesser-included offense. That request was denied and the jury found LeGrand guilty of first-degree murder.

I. Defendant first claims the trial court erred in refusing to submit voluntary manslaughter as a lesser-included offense. He was charged with premeditated murder under Iowa Code section 707.2 (1987). His request that voluntary manslaughter be submitted was denied.

Voluntary manslaughter is an included offense under an indictment for murder in the first or second degree. Iowa Code § 707.4. As a statutorily-mandated lesser-included offense, it falls within one of the two categories that still require application of a factual test. *State v. Jeffries*, 430 N.W.2d 728, 737 (Iowa 1988). The necessary factual test is whether substantial evidence of each necessary element

of the lesser-included offense has been produced. *State v. Royer,* 436 N.W.2d 637, 642 (Iowa 1989). "In short, with statutorily mandated lesser-included offense, we use the substantial evidence standard as to the foreign elements in applying the factual test." *State v. Basham,* No. 88–22, slip op. at 4 [438 N.W.2d 19 (table)] (Iowa 1989).

> Voluntary manslaughter occurs when:
>
> [T]hat person causes the death of another person, under circumstances which would otherwise be murder, if the person causing the death acts solely as the result of sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a person and there is not an interval between the provocation and the killing in which a person of ordinary reason and temperament would regain control and suppress the impulse to kill.

Iowa Code § 707.4.

The foreign element is serious provocation as described in the statute. *Id.* The test then is whether there is substantial evidence that defendant acted *solely* as a result of serious provocation, sufficient to excite such passion in a person and there was not an interval between the provocation and the killing in which a person of ordinary reason would regain control and suppress the impulse to kill.

We find there is no substantial evidence that defendant acted *solely* as a result of serious provocation. Substantial evidence means that which a reasonable mind would accept as adequate to reach a conclusion. *State v. Robinson,* 288 N.W.2d 337, 338 (Iowa 1980). Defendant argues that the banging noise heard by a neighbor, coupled with the cut on defendant's hand and the evidence of apparent sexual activity, provide substantial evidence that defendant acted solely as a result of serious provocation, an unwanted sexual advance. We disagree.

Instead, there is substantial evidence that defendant went to the victim's home intending to kill her. Defendant said that he went to the victim's home to see if she would "come on to" him and "if she did, I decided to kill her so I wouldn't have the conflict with my girlfriend." He took a knife with him and he parked his car a block away since he "knew there was a possibility [he] might have to kill Julie."

After watching T.V. with the victim for about an hour, defendant said, "we decided to go into the bedroom since it seemed to me Julie wanted to have sex with me." The defendant allowed the victim to take off her clothes and all of his except his underwear. Defendant allowed the victim to rub baby oil on him. Then as she laid on her back on the bed, defendant slit her throat. He even testified that he accidentally stabbed his own index finger.

There is no substantial evidence from which a reasonable mind would conclude that defendant acted solely out of serious provocation. Therefore, the trial court acted properly when it refused to submit the lesser-included offense of voluntary manslaughter.

II. Defendant contends the use of Linn County Sheriff's deputies to transport jurors to the courthouse during deliberations violated the defendant's right to a fair trial. Apparently, as a result of a severe snowstorm, a sheriff, a deputy, and the judge's court reporter all transported jurors to the courthouse. Neither counsel nor the defendant were present when the jurors were told to call if they had transportation problems. Counsel was not consulted prior to the dispatch of vehicles that morning. No admonishment was given to the drivers about discussing the case with the jurors. According to the defendant, these circumstances create an appearance of impropriety which is sufficient to warrant a new trial.

We disagree. In order for defendant to be entitled to a new trial, an abuse of discretion by the trial court must be shown. *See State v. Sauls,* 391 N.W.2d 239, 240 (Iowa 1986). An abuse will not be found unless the trial court's action was clearly unreasonable under the circumstances. *Id.* We find that the court acted reasonably under the circumstances.

■ "We have consistently held misconduct with respect to the jury, whether it be by litigant, counsel or officer of the court, will not be grounds for a new trial unless prejudice is shown." *State v. Carey*, 165 N.W.2d 27, 29 (Iowa 1969). However, we also have the equally well-established rule that the jury is to be above suspicion and that any practice which brings its proceedings under suspicion is to be prohibited. *Id.*

■ The court in *Carey* summarized the decisions involving the independence of juries and the appearance of impropriety. *Id.* The court has been critical where a juror spent the night with one of the attorneys and his family during the trial, *Stafford v. City of Oskaloosa*, 57 Iowa 748, 752, 11 N.W. 668, 670 (1882); where a defendant drove a juror to the poor farm during a recess and asked him to dine with him, *Lynch v. Kleindolph*, 204 Iowa 762, 764, 216 N.W. 2, 3 (1927); where a sheriff and deputies, who were *also witnesses in the case*, transported a jury to a restaurant, *State v. Faught*, 254 Iowa 1124, 1133, 120 N.W.2d 426, 431 (1963) (reversed on other grounds); and where an important witness rode to the courthouse with a juror, *Chicago Joint Stock Land Bank v. Eggers*, 214 Iowa 710, 711, 243 N.W. 193 (1932).

In *Carey*, the alleged misconduct was the fact a sign told the jury that coffee was furnished in the jury room by the county attorney. 165 N.W.2d at 30. The court strongly criticized this practice as being "fraught with danger" but did not base its decision regarding a new trial on this issue

alone. *Id.* Nor did it decide whether this practice alone, without more, would be sufficient to require a new trial. *Id.*

Defendant's claim is distinguishable from the cases reviewed above. The people who transported the jurors were not witnesses in the case, and they acted at the request of the judge out of necessity for the continuation of trial. Given the weather conditions and the fact that the jury had already begun deliberations, we find that the court acted reasonably to provide neutral transportation for the jury. While we do not encourage this behavior, we will not require a new trial under these facts unless prejudice is shown.

For prejudice to be found, it must appear that the misconduct was calculated to and with reasonable probability did, influence the verdict. *See Sauls*, 391 N.W.2d at 241. There is no evidence in the record that the sheriff, deputy, or the court reporter discussed any of the facts of the case with the jurors. Even though the drivers were not admonished, the jurors were. Defendant has made no showing that these rides influenced the verdict. Therefore, defendant was properly denied a new trial.

The conviction is affirmed.

AFFIRMED.