[No. 7,876.—Department One.]

## MARIA VAN EVERY ET AL. *v.* FLORA OGG.

| | |
|---|---|
| 59 | 563 |
| 81 | 59 |
| 59 | 563 |
| 86 | 206 |
| 59 | 563 |
| 92 | 550 |
| 59 | 563 |
| 102 | 480 |
| 59 | 563 |
| 110 | 221 |
| 59 | 563 |
| 124 | 522 |

LANDLORD AND TENANT—REPAIRS—COUNTER-CLAIM.—In an action by a landlord against a tenant for unlawful detainer, the defendant set up a counter-claim for damages resulting from the dilapidated condition of the leased premises. *Held:* The demurrer to the counter claim was rightly sustained.

ID.—ID.—Under Section 1942, Civil Code, the obligation of the landlord is limited by the extent of the privilege conferred upon the tenant; that is, it is the duty of the landlord to repair upon notice, and if he does not perform this duty, he is to be compelled to pay, by deduction from the rent to the extent of a month's rental—or, at the option of the tenant, the term to be concluded, without redress to the landlord.

APPEAL from a judgment for the plaintiff, in the Superior Court of the County of Sacramento. DENSON, J.

*John W. Armstrong,* for Appellants.

As it was the duty of the plaintiffs to repair the dilapidations, they are liable for all damages sustained by the defendant for which she might sue. (C. C., § 3281; *Hexter* v. *Knox,* 63 N. Y. 561; Taylor's L. and T., § 330; *Buck* v. *Rodgers,* 39 Ind. 222; *Myers* v. *Burns,* 35 N. Y. 269.)

*Freeman & Bates,* for Respondents.

Landlord is not liable for dilapidation in building, unless he has bound himself to repair by express agreement. (Taylor's L. and T., 7th ed., §§ 327, 328.)

In this State, a landlord's liability for repairs is only such as set forth in the Civil Code, Section 1942. This section fixes the landlord's liability. The tenant can not remain in premises and suffer damage for an indefinite period. His recourse is to repair or move out.

McKinstry, J.: .

A summary action against a tenant holding over. The only question argued here is the sufficiency of a counter-claim in the answer, as against a demurrer by plaintiff that the counter-claim does not state facts sufficient to constitute a defense or counter-claim, and that it is ambiguous, uncertain, and unintelligible.

The counter-claim is as follows:

"I. That on or about the eighth day of May, 1878, the defendant leased the premises described in the amended complaint of and from the plaintiffs, at the monthly rental of forty dollars per month, and said premises were intended at the time of renting thereof to be used and occupied by the defendant as and for a lodging-house, and there was no agreement that the defendant should repair the premises.

"II. That said term commenced on the first day of June, 1878, and on that day the defendant entered into possession of said premises under said lease, and has ever since that time occupied the same thereunder.

"III. That at the time of the making of said lease, and the defendant entering into the possession of said premises thereunder, said premises were dilapidated, and by reason of such dilapidation, the same were unfit for the occupation of human beings, and subsequently thereto, said premises became more delapidated and out of repair, without any fault or neglect of the defendant, so that the same were and have been, since the first day of June, 1878, and especially during the rainy season since that time, unfit for the occupation of human beings, by reason of the falling rain leaking through the roof and walls

of said house, by reason whereof, the defendant was deprived of the rooms in said house for lodging or other purposes, and the bedding, window-curtains, carpets, and other furniture therein were injured by the water so leaking through said roof and walls to the damage of the defendant in the full sum of one thousand dollars damages.

"IV. That the defendant gave notice to the plaintiffs from time to time during the rainy season, since the first day of June, 1878, of said dilapidation, and the injury to defendant by reason of the water leaking through said roof and walls, and from time to time said plaintiffs promised to repair said house so as to prevent such leaking, but they failed and neglected to do so.

"V. That the cost of making the repairs at any time during the occupancy of said premises of the same, would have been not less than two hundred dollars or thereabouts."

It is not necessary to decide whether one who enters as tenant into premises dilapidated and unfit for occupancy, with full knowledge of their condition, has any remedy against the landlord. For the purposes of this decision it may be assumed that such an one has the same remedy as has a tenant for dilapidation occurring after the commencement of the term.

"At common law it is not in the power of a tenant to make repairs at the expense of the landlord, unless there is a special agreement between them authorizing him to do this. The tenant takes the premises for better or for worse, and can not involve the landlord in expense for repairs without his consent." (Per Savage, C. J., in Mumford v. Brown, 6 Cow. 475; S. C., 16 Am. Dec. 440.)

The Civil Code, however (§ 1942), gives the option to the tenant, after notice to the landlord, to make repairs not requiring an expenditure of more than a month's rent—the same to be deducted from the rent—or to vacate the premises, discharged from performance of the conditions of the lease.

The preceding section of the same Code (1941) provides that the lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it in a condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it un-

tenantable, except such as are mentioned in Section 1929—being deteriorations occasioned by the hirer's "ordinary negligence."

It is insisted that the section last cited, by operation of law, inserts in every lease a covenant on the part of the landlord to repair. But bearing in mind that at the common law no such covenant was implied, and reading the two sections together, the intent seems clear that the obligation of the landlord should be limited by the extent of the privilege conferred upon the tenant; that it is the duty of the landlord to repair upon notice, and if he does not perform this duty he is to be compelled to pay, by deduction from the rent, to the extent of a month's rental—or, at the option of the tenant, the term be concluded without redress to the landlord. If doubt remained that this is the proper construction, we think the legislative purpose is apparent, when Sections 1941 and 1942 of the Civil Code, as amended in the year 1874, are compared with the same sections as they stood originally.

Section 1941 was amended by simply inserting the words "in the absence of an agreement to the contrary."

Prior to the amendment Section 1942 read: "If, within a reasonable time after notice to the lessor of dilapidations *which he ought to repair*, he neglects to do so, the lessee may repair the same himself, and deduct the expenses of such repairs from the rent, *or otherwise recover it from the lessor.*" By the amendment of this section the Legislature have taken away from the lessee the right to make all repairs (without limitation as to expenditure) which the lessor ought to make; and have also taken away the right to recover any sum expended "otherwise" than by deduction to the amount of a month's rent—giving to the tenant, in return for such restriction, the privilege of vacating the premises, without further liability upon the lease.

Judgment affirmed.

Ross and Myrick, JJ., concurred.