[S. F. No. 1038.   Department Two.—May 26, 1899.]

## DELIA GATELY, Appellant, v. H. F. CAMPBELL et al., Respondents.

LANDLORD AND TENANT—DEFECTIVE CONDITION OF PORCH FLOOR—INJURY TO TENANT—LIABILITY OF LANDLORD.—In the absence of any covenant by the landlord for repairs in the lease of rented premises, or of any fraudulent representation or concealment on his part, or knowledge by him that the premises when rented were unfit for occupancy, he is not liable for injury to the tenant caused by the breaking away of the defective floor of a porch.

ID.—TENANTABLE CONDITION OF PREMISES—CONSTRUCTION OF CODE—OBLIGATION OF LANDLORD LIMITED BY PRIVILEGE OF TENANT.—The obligation imposed by section 1941 of the Civil Code upon the lessor of a building intended for the occupation of human beings, to put and keep it in a condition fit for such occupaion, in the absence of an agreement to the contrary, is limited by the extent of the privilege conferred upon the tenant by section 1942; and, the only consequence of a breach of the landlord's obligation is that the tenant may either vacate the premises or expend one month's rent for repairs.

ID.—INSTRUCTION—STATEMENT OF TESTIMONY—ABSENCE OF NOTICE TO AGENT OF LANDLORD—BURDEN OF PROOF.—An instruction stating the testimony showing an absence of notice to or knowledge by the agents of the landlord of the defective condition of the floor of the porch, and stated to the jury: "If you are satisfied that that testimony is true, you can find a verdict in favor of the defendant. If not, you will find for such damages as you shall think proper to allow, bearing in mind that, in a case of this kind, the duty of proving notice and knowledge upon the part of the agents rests upon the plaintiff," is properly given, and does not violate section 608 of the Code of Civil Procedure, requiring that if the testimony is stated, the court must inform the jury that they are the exclusive judges of all questions of fact.

ID.—INAPPLICABLE INSTRUCTION—ASSUMPTION OF KNOWLEDGE OF DEFECTS. An instruction requested by the defendants assuming that the defendants had knowledge of defects in the floor, rendering it unsafe and dangerous, in the absence of any evidence to that effect, is properly refused as inapplicable.

ID.—REQUESTED INSTRUCTION AS TO NOTICE TO REPAIR.—An instruction requested by plaintiff as to giving notice to the landlord to repair defects or dilapidations is properly refused where there is no testimony upon that subject, and it was given substantially in the charge of the court, and where plaintiff, in his brief, while conceding the correctness of the charge as to the rights of a tenant for injuries resulting from dilapidations arising subsequent to the inception of the lease, alleges its irrelevancy to the claim of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

Oliver Ellsworth, for Appellant.

E. J. Pringle, Jr., and Stanly Jackson, for Respondents.

COOPER, C.—Action for damages for personal injuries.   Verdict and judgment for defendants.   Motion for new trial and order denying same.   Appeal from judgment and order.   The plaintiff rented rooms in a tenement-house at 8 "Parks Place" in the city and county of San Francisco, in January, 1893.   It does not clearly appear who was the owner of the premises so leased to plaintiff, but the arrangements were made with one Mrs. Falls, to whom plaintiff paid the rent.   On the 8th of September, 1893, plaintiff claims to have been severely injured by a fall caused by the floor or platform giving way under her feet. In the first count of the third amended complaint it is alleged that the injury was caused by reason of the breaking away of the floor, which was not originally safely constructed and was never constructed so as to be safe for human occupation, which facts were well known to defendants, and were never known or discovered by the plaintiff until she was so injured.

In the second count of said amended complaint it is alleged that some two or three weeks prior to September 8th, one day while passing over the floor plaintiff thought she felt the floor "shake a little," and for fear the same might give way she notified the defendants thereof and requested them to examine the same and strengthen it if they found it necessary.   Both counts of the said amended complaint are sworn to by plaintiff.   There is no testimony in the record tending to support the second count, but, on the contrary, the plaintiff testified that there was nothing during her tenancy that would indicate that there was danger in living there or in passing out and walking over the floor from day to day.   That the floor looked all right.   Counsel for plaintiff in his brief says that the contention of the plaintiff is "that the platform and its supports were faultily and unsafely constructed and that the latter were rotten and decayed

at the inception of the tenancy, a fact known to defendants but unknown to and concealed from plaintiff." He again says in his brief: "No evidence was introduced to prove the dilapidations to have occurred subsequent to the beginning of the tenancy." Therefore it is apparent that there was no evidence to prove the second count of the amended complaint, and it was abandoned by plaintiff. We will now examine the first count. There is no allegation in the complaint of any covenant in the lease as to repairs, nor of any fraudulent representation or concealment of the condition of the leased premises. The controlling question left in this case is whether or not the landlord, in the absence of fraud, concealment, or covenant in the lease, is liable to the tenant for an injury suffered by him during his occupancy by reason of the defective condition or faulty construction of the leased premises. At the common law the lessor is not liable for such injury. (*Keates v. Earl of Cadogan*, 10 Com. B. 591; *Howard v. Doolittle*, 3 Duer, 464; Taylor on Landlord and Tenant, secs. 175 a, 382.) And, this court has often laid down the same rule. (*Brewster v. De Fremery*, 33 Cal. 341; *Van Every v. Ogg*, 59 Cal. 565; *Sieber v. Blanc*, 76 Cal. 173; *Willson v. Treadwell*, 81 Cal. 58; *Daley v. Quick*, 99 Cal. 181.) Counsel for plaintiff in his brief seems to concede the rule, but claims that the premises were defective and unsafe at the time they were leased to the plaintiff, which facts were known to defendants but unknown to plaintiff. There is no testimony in this record to support such claim, but if there were such testimony the question was fairly left to the jury under the instructions of the court. It is claimed that it is the duty of a landlord leasing a building for the occupation of human beings to put it in a condition for such occupation. Citing Civil Code, section 1941, which reads as follows: "The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof which render it untenantable, except such as are mentioned in section 1929."

This contention is answered by the fact that there is no testimony in the record that the building, at the time it was leased to plaintiff, was not in a condition fit for the occupation of hu-

man beings. The plaintiff said in her testimony: "Did not notice any decay or dilapidation about the premises when first rented, nor anything that needed repairing"; and again: "Mrs. Falls stated that she was looking after the house generally, and wanted to know if there was anything needed to be done."

A further and conclusive answer to this contention is that the obligation imposed upon the landlord by section 1941 should be and is limited by the extent of the privilege conferred upon the tenant by section 1942, and the only consequence of a breach of the landlord's obligation is that the tenant may either vacate the premises or expend one month's rent for repairs. (Civ. Code, sec. 1942; *Van Every v. Ogg, supra; Sieber v. Blanc, supra.*) It follows that the instructions given to the jury by the learned judge of the court below were correct. Most of the criticisms of plaintiff's counsel is directed at the following instruction given by the court:

"As I understand it, the plaintiff does not claim that Mrs. Falls ever said, before the injury, that she knew of the danger, or that the porch was liable to fall down. It is also in evidence by the testimony that the plaintiff herself did not apprehend any danger from the condition of the place. Then these two parties, Mr. and Mrs. Falls, have been called, and they have testified that they never knew anything about it until it occurred. If you are satisfied that that testimony is true, you can find a verdict in favor of the defendant. If not, you will find for such damages as you shall think proper to allow, bearing in mind that in a case of this kind the duty of proving notice and knowledge upon the part of the agents rests upon the plaintiff."

It is admitted that the constitution gives judges the right to state the testimony and declare the law, but it is claimed that under the provisions of section 608 of the Code of Civil Procedure that "if the court state the testimony of the case it must inform the jury that they are the exclusive judges of all questions of fact." We think the court left it plain to the jury that they were the exclusive judges of the facts. It said: "If you are satisfied this testimony is true, you can find a verdict in favor of the defendant; if not, you will find for such damages as you shall think proper to allow."

In the case of *Jones v. Chalfant,* 31 Pac. Rep. 257, the in-

struction, "If these facts all appear in your minds as I have stated them, then your verdict will be for defendant," was held not error. In a case where there is no conflict of testimony, and the plaintiff could not recover under the facts as shown by the testimony, the judge could even instruct the jury what their verdict should be. It is claimed that the court committed error in not giving the instructions requested by plaintiff numbered one and two. We have carefully examined these instructions, and think the court committed no error in refusing them. The first one was correctly refused, among other reasons, because it is based upon a presumption of facts not in the record. There is no evidence that the defendants in this case had knowledge of any such defects in the building as would render it unsafe or dangerous. The second one relates to the rule as to giving notice to the landlord in case of defect or dilapidations, and, if the landlord fail to repair, the tenant may do so and deduct one month's rent, et cetera. The requested instruction was not based upon any testimony in the case, as we have before attempted to show, and it therefore was not error to refuse it. And, further, it was given substantially in the charge of the court. It seems to us that counsel are now precluded from claiming the refusal as error in the face of the following statement in his brief:

"The charge of the trial court is an able exposition of the law governing the rights of a tenant as against a landlord for injuries resulting from dilapidations arising subsequent to the inception of the tenancy, but, it is submitted with all respect to the learned trial judge, that it is not relevant to the claims of plaintiff in this case, who asserts a cause of action for damages suffered by reason of the negligence and practical fraud of defendants in leasing premises known to them to be unsafe and unfit for human occupancy without putting the same in repair, and concealing the true state of affairs from the tenant."

If the instructions of the court in regard to the law giving the rights of a tenant as against a landlord for injuries arising from dilapidations subsequent to the inception of the lease "is not relevant to the claims of plaintiff," we cannot see how the instruction offered by counsel would be relevant. The testimony supports the verdict and we find no prejudicial error in the record.

We advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.