(92 N. W. Rep. 830.)

---

## TORRESON *vs.* WALLA.

**Action for Rent—Counterclaim.**

> In an action by a lessor to recover rent the lessee cannot, under sections 4080, 4081, Rev. Codes, counterclaim damages caused by failure to connect the cellar of a dwelling house with a sewer, there being no showing of an express contract so to do.

**Defective Sewerage.**

> The absence of a sewer to connect with the cellar of a dwelling house, in consequence of which water ran into the cellar, not shown in the case to render the house not fit for occupation by human beings.

**Repairs—Improvements.**

> The putting in of such sewer connection does not come within the meaning of the word "repairs," "delapidation," or "deterioration," but pertains more to an addition or an improvement of an original character.

Appeal from district court, Cass county; *Pollock, J.*

Action by Ole Torreson against Mrs. O. N. Walla. Judgment for plaintiff, and defendant appeals. Affirmed.

*M. A. Hildreth,* for appellant.

*Morrill & Engerud,* for respondent.

MORGAN, J. This is an action for the recovery of rent, brought in justice's court. The complaint is in the usual form in such actions. The answer contains four counterclaims, wherein it is claimed that the defendant was damaged by reason of the omissions of the plaintiff to secure to her the rights belonging to her by virtue of the verbal lease of the dwelling house, pursuant to which she occupied such dwelling house as the tenant of the plaintiff. Three of the counterclaims need not to be mentioned here, as the matters involved therein were submitted to the jury at the trial in the district court, and a verdict therein rendered by such jury, concerning which, so far as the three counter-claims are concerned, no errors are assigned or claimed. The other counterclaim, and the one on which assignments of error are predicated, is pleaded as follows: "And for further answer, defense, and counterclaim herein the defendant avers that under and pursuant to a verbal lease she rented from the plaintiff the house and premises situated at Fourth avenue north, in the city of Fargo, as a dwelling house and boarding house, defendant being engaged in keeping boarders, as plaintiff well knew, at a monthly rental of $20.00 a month; that it was mutually covenanted and agreed at the time of rental of said premises that the plaintiff would keep the same in good repair, and fit for the purpose for which defendant rented the same; that plaintiff, in disregard of said agreement, failed and neglected to repair said premises, and to provide suitable drains and sewer connection for carrying off the water that accumulated on said premises, flooding the cellar of the said premises, and rendering it useless, to defendant's damage in the sum of and to the amount of $50.00." The plaintiff denied the allegations of the counterclaims by replying thereto. Testimony was taken bearing on the issues raised, and at the conclusion of defendant's evidence the plaintiff moved that the court withdraw from the consideration of the jury the question of damages claimed by defendant by reason of water running in and accumulating in the cellar. This motion was granted by the court, and the jury instructed not to consider such question, or the evidence in relation thereto. This ruling was duly excepted to, and the instructions of the court in the charge that such evidence be wholly disregarded were also excepted to, and error is assigned in

this court on these two questions only, which involve but one and the same question of law. The jury found a verdict in favor of the plaintiff for the sum of $17. The defendant moved for a new trial, based on a notice of intention. A statement of the case was settled, and the motion for a new trial overruled. Judgment was entered on the verdict, and defendant appeals therefrom.

The sole question, therefore, for determination by us is whether the trial court committed error in taking from the jury the issue raised by the counterclaim last referred to. In our judgment, no error was thereby committed. The statutes of this state must authorize the pleading and proof of such a counterclaim in cases of damages claimed against a landlord for failure to repair, or keep in repair, the leased building or premises, before error is shown, as under the common law the landlord was not under any obligation to repair or keep in repair rented premises in the absence of an express contract so to do. *Mumford* v. *Brown,* 16 Am. Dec. 440; *Van Every* v. *Ogg,* 59 Cal. 563; McAdam, Landl. & Ten. § 383, and cases there cited. The provisions of the code define the duties and rights of landlords and tenants in this state in the following language (section 4080): "The lessor of a building intended for the occupation of human beings must in the absence of an agreement to the contrary put it into a condition fit for such occupation and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence." Section 4081: "If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent or performance of other conditions." The rights of the parties in this case must be determined by a construction of these two sections, in connection with the evidence given at the trial. There was no written lease. There is no evidence in the case that the landlord expressly agreed at the time of the leasing to repair the cellar, keep it in repair, or that he would cause a sewer to be connected with it. The statute makes it the duty of the lessor of buildings intended for occupation by human beings to put such buildings in fit condition for such occupation, unless there be a contrary agreement. It is also made the lessor's duty to repair all subsequent dilapidations after notice, if such dilapidations are such that he ought to repair. In this case the building was leased by the defendant knowing that there was no sewer connected with this house. She occupied the house for over three years while in the same condition, and paid the rent for the same up to about two months of the time when she vacated the house. There is no evidence of an agreement to put in a sewer. There is no evidence that the house was not fit for occupation by human beings. Defendant does not claim that it was not fit for such occupation, but claims that the rent paid by her was too high

with the cellar subject to having water in it. The evidence falls short of showing that the building was unfit for human occupation at the time it was rented, and falls short of showing any subsequent dilapidation or want of repairs that rendered it unfit for such occupation. There was no change in the building during the tenancy from its condition at the time of the leasing. It is not shown in any way that the water accumulated in the cellar by reason of failure to construct the cellar properly or by reason of failure to repair any dilapidations therein. The contention is, in effect, that the lessor was bound to furnish sewer connection. This claim we do not find tenable. To furnish sewer connection would be, in our judgment, furnishing a new improvement, or addition of an original character, and not repairing the building or cellar. It would be furnishing that which is not included in the meaning of the word "dilapidation," "deterioration," or "repairs." The counterclaim pleaded that the defendant expressly agreed to keep the building in good repair; that he failed to do so, and neglected to provide suitable drains and sewer connection for carrying off the water accumulating in the cellar. There is no evidence of an agreement to put in the sewer. Hence the facts pleaded as a counterclaim are not sustained by the evidence. The motion for a directed verdict, so far as this counterclaim was concerned, was properly granted, as there was no evidence in the record to sustain it. The defendant having failed to establish the counterclaim by any evidence, the question raised by counsel that by replying thereto the plaintiff waived it becomes immaterial.

The judgment appealed from is affirmed. All concur.