[S. F. No. 3641.    Department One.—December 14, 1906.]

## KIMBALL I. HATCH and EMMA F. HATCH, Appellants, v. McCLOUD RIVER LUMBER COMPANY, Respondent.

NEGLIGENCE—INJURY FROM WIRE ROPE—OBVIOUS DANGER—ASSUMPTION OF RISK BY TENANT—LANDLORD NOT RESPONSIBLE.—Where premises were leased with full knowledge by the tenant, and without warranty by the landlord, concerning an obvious danger from a wire rope imbedded in the earth on the lot, which supported a telegraph-pole forming part of the landlord's electric system, which rope was not part of the leased premises, and where the tenant had lived thereon sixteen months before injury resulted to the tenant's wife from a fall upon the rope, the tenant and his wife had assumed all risk from such obvious danger; and no actionable negligence is imputable to the landlord in maintaining the wire rope, nor is he responsible for such resulting injury.

ID.—LATENT DANGER FROM SHARP POINTS—CONTRIBUTORY NEGLIGENCE.—Conceding, without deciding, that the landlord was guilty of negligence in allowing sharp points of wire near the ground at the end of the wire rope to remain without protection or guard, where it appears that the wife's fall upon the wire and her resulting injury upon the sharp points were the consequence of her own contributory negligence in coming in contact with the exposed wire, the case is one where her contributory negligence in part caused her injury, and there can be no recovery for any negligence of the defendant contributing thereto.

ID.—INSUFFICIENT PLEADING—INCONSISTENT AVERMENT OF CARE.—The complaint by the tenant and his wife against the landlord, which alleges facts negativing the actionable negligence of the landlord in maintaining the wire rope and facts showing her own contributory negligence, is insufficient; and it is not sustainable by reason of an allegation that she was using all due care to avoid the wire, which is incompatible with the averment of her familiarity with its position and with the absence of any averment of extraordinary circumstances making it necessary for her to come in contact with it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, for Appellants.

F. D. Madison, for Respondent.

SHAW, J.—This is an action to recover damages to the plaintiff Emma F. Hatch, wife of the plaintiff Kimball I. Hatch, arising from an injury alleged to have been caused by the negligence of the defendant. A demurrer to the complaint was sustained in the court below, and judgment rendered accordingly. The sole question presented by this appeal is the sufficiency of the complaint.

On May 29, 1900, the defendant let to the plaintiff Kimball I. Hatch a dwelling-house and the lot on which it stood. The plaintiffs immediately took possession and remained in the occupancy of the premises until the injury occurred, which was on October 7, 1901. At the time the house was leased an electric-light pole was standing in the street, on the sidewalk, in front of the lot. From the top of this pole a stay-wire or rope extended to the ground, within the lot so leased, at a point two and a half feet inside of the front line thereof, where it was fastened to an anchor fixed in the earth. This wire inclined at an angle of forty-five degrees from the top of the pole to the ground, and crossed the front line of the lot about two and a half feet above the surface of the ground. The plaintiffs knew of the existence and position of this wire at the time of the lease. It was of course plainly visible in the daytime. The pole and wire belonged to the defendant, constituted no part of the leased premises, and was under the control of the defendant as a part of an electric-lighting system maintained by it in the town where the premises were situated. At the point where the wire was fastened to the anchor, and a few inches above the ground, several sharp points or ends of wire protruded, which were dangerous to any person who might come in contact with them. They were so small and so near the ground that they were not easily discernible.

On the seventh day of October, 1901, between seven and eight o'clock in the evening, the plaintiff Emma F. Hatch, while leaving the premises, came in contact with the wire rope, was thereby tripped and caused to stumble and fall over the same, and in so doing struck the protruding points aforesaid, and was thereby injured severely. She was not aware of the existence of said points until she came in contact with them, but she knew of the wire, and it is alleged that at the time she was "using all due care to avoid the same."

Under these circumstances we are of the opinion that no actionable negligence on the part of the defendant is shown. So far as the wire rope is concerned, as distinguished from the small ends near the ground, the defendant was under no duty whatever to advise the plaintiffs regarding the danger therefrom, or to guard them from coming in contact therewith. The rope was on the premises at the time the lease was made, and the plaintiffs lived in the house for sixteen months thereafter before the injury occurred, and they must have become extremely familiar with its location and appearance. The premises were let to the plaintiffs without guaranty or warranty in regard to this rope. Under such circumstances, the tenant in taking the premises assumes all risk arising from dangers which are obvious to ordinary observation. (*Gately* v. *Campbell,* 124 Cal. 520, [57 Pac. 567]; *Brewster* v. *de Fremery,* 33 Cal. 341.)

With regard to the sharp points or ends near the ground, it is apparent from the facts stated in the complaint that whatever injury the plaintiff Emma received therefrom was caused in part by her own negligence contributing thereto. Whatever injury was received from these sharp points was caused primarily by the fall which occurred because of her walking against the wire rope. This fall was manifestly occasioned by her own negligence. The allegation that she was using all due care to avoid the wire is incompatible with the fact shown by the complaint that she had been for a long time familiar with the position of the wire. Being so familiar, it is apparent that unless some extraordinary circumstances intervened which made it necessary for her to walk close to the wire it was entirely unnecessary for her to come in contact with it. No such extraordinary circumstances are alleged. The fact that, knowing the position of the wire, she nevertheless walked against it when there was no necessity for going near it proves that she could not have used due care to avoid it. The allegation of due care is therefore unavailing and must be disregarded. It was her own neglect that caused her to fall, and that neglect contributed to the injury which she received from the sharp points at the bottom of the wire. Conceding, though not deciding, that defendant was also guilty of neglect in allowing the points near the ground at the end of the wire to remain without protection or guard,

the case merely becomes one where the contributory negligence of the plaintiff in part caused her injury. In such cases the plaintiff cannot recover for the portion of the injury caused by the defendant's negligence.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.