[Civ. No. 3937. Second Appellate District, Division One.—June 6, 1923.]

FANNY PRIVER, Appellant, v. MAY A. YOUNG, Respondent.

[1] LANDLORD AND TENANT—DEFECTIVE CONDITION OF PREMISES—LIABILITY TO TENANT—COMMON LAW.—At common law, in the absence of an express contract, there was no duty owing by the landlord to the tenant to make repairs, and consequently no liability was incurred by the landlord to the tenant arising from the defective condition of the leased premises.

[2] ID.—DAMAGES FOR INJURIES—STATUTORY RIGHT.—The right of the tenant to any relief in damages as against the landlord on account of injuries sustained by the tenant by reason of the defective

1. Liability of landlord for injury to tenants from defects in premises, notes, 34 L. R. A. 824; 34 L. R. A. (N. S.) 798; 48 L. R. A. (N. S.) 917; L. R. A. 1916D, 1224; L R. A. 1918E, 218.

condition of the leased premises is purely statutory and such right must be measured solely by the provisions of the statute.

[3] ID. — COLLAPSE OF WALL-BED — INJURY TO TENANT — ACTION FOR DAMAGES—PLEADING—INSUFFICIENCY OF COMPLAINT.—In an action by a tenant against a landlord for damages for personal injuries sustained from the collapse of a wall-bed, a complaint which contains allegations conclusively showing that plaintiff was aware of the unsafe condition of the bed, and which contains no allegation · setting forth such attendant circumstances as would relieve plaintiff from the inference of contributory negligence, fails to state a cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Crop and G. M. Caldwell for Appellant.

R. F. Church and Timon E. Owens for Respondent.

HOUSER, J.—This is an appeal from a judgment for defendant, given after a general demurrer to plaintiff's second amended complaint was sustained by the court and upon plaintiff's failure to further amend her pleading.

The substance of the allegations of the complaint is that prior to August, 1921, plaintiff rented a certain "flat apartment property" from defendant, which was to be used by plaintiff as a dwelling, in which was located a disappearing wall-bed and which bed, on or about August 15, 1921, became broken and out of repair, of which fact plaintiff informed defendant and requested defendant to place the same in a safe condition for use by plaintiff, which defendant failed to do; that by reason of such failure on the part of defendant, and on or about November 11, 1921, the said bed collapsed and fell upon plaintiff, to her injury and damage, etc.

[1] At common law, in the absence of an express contract, there was no duty owing by the landlord to the tenant to make repairs, and consequently no liability was incurred

---

3. Contributory negligence of tenant injured by defect in premises, notes, 34 L. R. A. 830; 34 L. R. A. (N. S.) 808; 48 L. R. A. (N. S.) 921; L. R. A. 1916D, 1228; L. R. A. 1918E, 221.

by the landlord to the tenant arising from the defective condition of the leased premises. (*Brewster* v. *DeFremery,* 33 Cal. 341; *Van Every* v. *Ogg,* 59 Cal. 565; *Sieber* v. *Blanc,* 76 Cal. 173 [18 Pac. 260] ; *Willson* v. *Treadwell,* 81 Cal. 58 [22 Pac. 304] ; *Daley* v. *Quick,* 99 Cal. 181 [33 Pac. 859].)

[2] The right of the tenant to any relief in damages as against the landlord on account of injuries sustained by the tenant by reason of the defective condition of the leased premises is purely statutory and such right must be measured solely by the provisions of the statute. (*Grazer* v. *Flanagan,* 35 Cal. App. 724 [170 Pac. 1076] ; *Callahan* v. *Loughran,* 102 Cal. 476 [36 Pac. 835] ; *Gately* v. *Campbell,* 124 Cal. 523 [57 Pac. 567].) With reference thereto, the statutes covering the apparent rights of the parties are to the effect that it is the duty of the lessor to repair dilapidations and upon his neglect to do so, the lessee may either vacate the premises or make the necessary repairs himself where the cost thereof will not exceed in amount one month's rent of the premises. (Civ. Code, secs. 1941, 1942.)

[3] In this case it is alleged in the complaint that "on or about the 16th day of August, 1921, and at divers times thereafter, plaintiff informed defendant of the disabled and dilapidated condition of said bed, and requested defendant to repair and properly fix same and put it in a workable and safe condition for the use of plaintiff." It must therefore be conclusively presumed that plaintiff was fully aware of the unsafe condition of the bed and, in the absence of any allegation in the complaint setting forth such attendant circumstances as would relieve plaintiff from the inference of contributory negligence, the rule of law that in such circumstances plaintiff assumed all risks which were obvious to ordinary observation would apply and preclude any recovery. (*Hatch* v. *McCloud R. Lumber Co.,* 150 Cal. 113 [88 Pac. 355] ; *Grazer* v. *Flanagan,* 35 Cal. App. 727 [170 Pac. 1076].)

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.