[Civ. No. 3918.   Third Appellate District.—November 30, 1929.]

WILLARD BARROWS et al., Respondents, v. THE WM. SIMPSON CONSTRUCTION CO. (a Corporation) et al., Appellants.

G. R. Dexter and Howard B. Henshey for Appellants.

Maurice C. Sparling for Respondents.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the defendants, The Wm. Simpson Construction Company, a corporation, and Guaranty Building & Loan Association, a corporation, from a judgment entered against them in the sum of $1120 in an action for damages.

In the month of November, 1923, plaintiffs and respondents herein were occupying a building in Hollywood, California, used by them for the display and sale of Chrysler automobiles; that, as found by the trial court, "for some days prior to November 13, 1923, the defendants negligently and without use of ordinary care or skill, and without taking reasonable precautions to sustain the land occupied by the plaintiffs, excavated the land adjoining on the west to the said lands and buildings so occupied by the plaintiffs, and excavated and removed the earth therefrom to a depth in excess of twenty feet, without leaving sufficient support for the land and building so occupied by the plaintiffs, and by reason thereof, and by its own natural weight, a great part of the land so occupied by plaintiffs sank and gave way, and by reason thereof, the walls and foundation of the said building on said land so possessed by plaintiffs were undermined, and by reason thereof, the westerly wall of plaintiffs' said building, and the westerly half of the floor thereof, bulged, buckled and broke, and plaintiffs were thereby deprived of the occupancy and use of the west one-half of said building so possessed by them for a period of four months from November 13, 1923."

Plaintiffs were occupying said land and building under a sublease from Paul G. Hoffman Company and paying $560 per month therefor, and because of their said loss of the use of the west half of the premises for four months, they claimed damages in the sum of $5,000, and were awarded by the court, sitting without a jury, damages in the said sum of $1120.

▆▆▆ Appellants first contend that no damages were proved. This contention is based upon the following facts: The property in question was leased by the former owner to Paul G. Hoffman Company, who in turn *subleased* the premises to plaintiffs. After these leases had been made,

the property was conveyed to one E. V. Rosenkranz. The original lease to Paul G. Hoffman Company contained a provision that in the event of certain catastrophies happening to said premises, and in the event said premises, because thereof, were damaged so they could not be repaired within ninety days after the work of reconstruction could reasonably be begun, then, in that event, said Paul G. Hoffman could cancel said lease.

Under this provision of the original lease, appellants argue "that respondents were under no obligation to pay rental during the time the building was unusable, and the rental, if so paid by them, was a voluntary payment, not made under any legal obligation, and not a basis for damages."

We are unable to agree with this contention. In the first place, appellants introduced no evidence whatever that we are able to discover as to the time within which said damage could have been repaired in order to even bring this case within the conditions set forth in the original lease. Furthermore, the respondents were occupying said premises under a *sublease* from Paul G. Hoffman Company, which said lease was complete and entire within itself, and did not even refer to or mention the original lease, and did not contain any such provisions as referred to by appellants; but, on the contrary, specifically provided that said rental payments of $560 per month were to be paid without exception or deduction for any cause, and that the "strict performance of which shall be precedent to the rights of lessees to remain in possession of said premises or to· have this lease continue in effect."

Appellants also contend: "The lease had terminated by the destruction of the premises (Civ. Code, sec. 1933), and plaintiffs could have vacated the premises and been discharged from the further payment of rent."

Neither the original lease nor the sublease of respondents terminated with destruction of the west one-half of the wall of said building. A lease of land with a building thereon is not terminated by the destruction of or damage to one of the walls of the building, unless so provided by contract or statute. No such provision is contained in either of the leases in question.

Section 1933 of the Civil Code provides: "The hiring of a thing terminates . . . (4) By the destruction of the thing hired." Here the "thing hired" was the land and building thereon, and only *a portion of the building was damaged and rendered untenantable, and the balance of the building remained tenantable,* therefore, the "thing hired" was not destroyed and the lease did not terminate by the operation of said statute. (*Hamer* v. *Ellis,* 40 Cal. App. 57 [180 Pac. 30].)

It is true that respondent might have, in the absence of an express contract in the lease relating to repairs, pursued the remedy against the landlord, provided for in sections 1941 and 1942 of the Civil Code, and if they had done so and the landlord had failed to repair, respondents would have had, *against the landlord,* either one of two remedies, viz.: (a) Treat the failure to repair as a breach of the lease and vacate the premises; (b) themselves make the repairs at the expense of the landlord, after notice to him, provided they do not entail an expenditure of more than one month's rent. (*Van Every* v. *Ogg,* 59 Cal. 565; *Grazer* v. *Flanagan,* 35 Cal. App. 724 [170 Pac. 1076]; *Priver* v. *Young,* 62 Cal. App. 405 [216 Pac. 966]; *Gately* v. *Campbell,* 124 Cal. 520 [57 Pac. 567]; *Farber* v. *Greenberg,* 98 Cal. App. 675 [277 Pac. 534].)

However, the respondents did not elect to follow the provisions of sections 1941 and 1942 of the Civil Code against the landlord alone or terminate the lease, but elected to keep their lease alive and sue the parties who caused the injury to the building they had leased. This they had a perfect right to do. They were not required to surrender up a valuable lease and move, or discontinue business altogether, to avoid payment of rent, simply because appellants had injured their leased property and rendered a portion thereof untenantable. It seems to us that it was no concern of the appellants whether respondents elected to continue paying rent or surrendered the lease. If appellants wrongfully injured respondents' leased property, they are liable in damages and cannot escape the consequences of their negligent act by simply saying that respondents could have surrendered the lease and thereby avoid paying the rent.

If appellants' argument be sound, then they could negligently and wantonly destroy the entire building and then say to respondents: "You can not recover damages from us because you had the right to terminate the lease and move out, which you did not do, therefore we are immune from damages, no matter how valuable your leasehold may have been." This would put a premium upon the wanton and negligent destruction of leased property, and is certainly not the law.

■ Appellants next complain that the court did not adopt the proper measure of damages.

Section 3333 of the Civil Code provides the proper measure of damages in such an action, but the trial court limited the damages to the *actual rent paid by respondents for the portion of the building rendered untenantable.* The rent was only one element going to make up respondents' damage. Respondents undoubtedly held a valuable lease and were probably entitled to more damages, but if they are satisfied with the trial court's award, certainly appellants are in no position to complain.

■ Appellants next complain that there was no showing that the defendants failed to use ordinary care. There is, likewise, no merit in this contention. The court found that the defendants failed to use ordinary care or skill in the work of excavating and also in the shoring up of the building, all of which is amply supported by the evidence.

Neither is there any merit in the contention that there is no evidence to support a judgment against the Guaranty Building & Loan Association. The evidence against this particular defendant is not as strong as it is against the other defendant, but when all the facts and circumstances in the record are considered, we cannot say that the court was not warranted in rendering a judgment against them also.

Other contentions made by appellants are without merit and need no special discussion.

After a careful review of the entire record, we are satisfied that the appellants have no legal ground for complaint, and that the judgment should be affirmed, and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.