[Civ. No. 9343.   Third Dist.   Apr. 8, 1958.]

MARCIA JEANNE ALLEN, a Minor, etc., Respondent, v. PARADISE GRANGE NO. 490, INC., (a Corporation), Appellant.

Edward A. Friend for Appellant.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Respondent.

WARNE, J. pro tem.* — The defendant appeals from a judgment entered against it on a jury verdict in favor of plaintiff, a minor, for personal injuries suffered by said minor and from an order denying defendant's motion for judgment notwithstanding the verdict.

Defendant is the owner of a one-story building which it rents to various organizations for meetings and social gatherings. Plaintiff's parents were members of a dance club, an unincorporated association, called the "Heavenly Steppers," which rented defendant's hall on Wednesday evenings. No admission was charged to the club's meetings, which were attended solely by the members and their guests. The public was not invited. The cost of renting the hall was defrayed by dues paid by the members of the club. The entire premises were turned over to the Heavenly Steppers and a member of the club was given a key to the hall. There was no retention of control and no official representative of defendant was present. The members occasionally brought their children along. On the night of the accident, plaintiff, a 10-year-old child, had gone to defendant's hall with her parents who were attending the dance. The club had no organized activities of any kind for the children of the members while attending the dances. At the time arrangements were made for the rental of the hall between the representative of the group and the defendant nothing was said about children and the defendant had no knowledge that any children had ever attended the meetings.

On the night of the accident, plaintiff and several other children were playing a game of "tag" on the front porch of the building while their parents were dancing and while

*Assigned by Chairman of Judicial Council.

so engaged one of the children bumped or pushed plaintiff and she fell off the porch, so that her knee struck the bumper of a parked automobile, causing substantial injury. The porch had no guard railing of any kind nor did it have a railing at the time the club rented the hall. The porch was three feet off the ground at the site of the accident.

Appellant contends that the rental of the hall was not for a public or semi-public purpose, but was for a limited ascertained group for its own purposes and that under such circumstances defendant is not liable. We feel that there is merit in this contention. The evidence shows that the rental arrangements were informal. There is no written lease and a member of the club was given a key to the building and no representative of defendant was present on the nights that the club used the hall. The Heavenly Steppers was a definite, ascertained, group of limited membership and the dance meetings were held exclusively for the instruction and enjoyment of the members, except that an occasional guest was invited by a member. But the meetings were, as noted, not open to the public nor was the public invited to them. We feel that, under the facts and circumstances, it may not be said that the meetings were either public or semi-public nor that the tenancy was for a public purpose.

What was said in *De Motte* v. *Arkell*, 77 Cal.App. 610 [247 P. 254], a case in which it was held that defendant's motion for a nonsuit should have been granted is applicable to the facts of this case. There a member of an unincorporated lodge which leased the second floor of a building owned by the defendant was killed when a defective guard rail on a porch or platform gave way. The court said at page 619:

". . . The premises were leased to the Odd Fellows Lodge, of which the deceased was a member, which renders all members of the Odd Fellows Lodge leasing the premises tenants. . . . The lessee in this case was a private fraternal organization composed of a limited. known, and accepted membership, each one having equal rights and liabilities and the hall was not a place and was not at the time used as a place for the assembling of the general public. This is not a case of the visiting by a patron of a public amusement place, but is a case of use thereof, which was for the private convenience of the tenants for a limited purpose."

In the instant case the plaintiff stood in no better position than that of any member of the club. Her parents

were members of the club and she had accompanied them to the meeting. She, at most, was an invitee and as such she had only the rights which the club or its respective members had in event of any injury from the same cause. The club, having rented the premises without a porch railing, would not have any right to complain that there should have been a guard rail on the porch. (*De Motte* v. *Arkell, supra,* at p. 620.)

In *Stanford* v. *Bailey Incorporated,* 132 Cal.App.2d 725, 729, 730 [282 P.2d 992], the court said:

"It is the rule under the general law that a lessor is not liable for injuries to the invitees of a lessee caused by defects in the leased premises. The rule is subject to the exception that if there is some hidden defect in or danger on the premises, which is known to the lessor at the time of executing the lease but which is not apparent to the prospective lessee, the lessor is obligated to inform the lessee thereof; and failing to do so, the lessor renders himself liable for injuries sustained by the lessee resulting from such hidden defects. And in such case the lessor is liable to invitees of the lessee to the same extent that he would have been had the lessee been injured. Stated differently, the lessor's liability in such a case is no greater to the invitee of the lessee than it would be to the tenant himself. (*Nueber* v. *Royal Realty Co.,* 86 Cal.App.2d 596, 610 [195 P.2d 501].)"

We feel that the rules of law stated in the above cases are applicable to the facts of this case and that under such rule it was error for the trial court not to grant the motion for judgment notwithstanding the verdict.

*King* v. *New Masonic Temple Assn.,* 51 Cal.App.2d 512 [125 P.2d 559], relied upon by respondent, is inapplicable to the facts of this case. That case was distinguished in *De Motte* v. *Arkell, supra,* on the ground that the Woman's City Club of Long Beach was separate and apart from its members since it was a corporation, and therefore a legal entity in the eyes of the law. In the case at bar the club was an unincorporated association. The King case may further be distinguished from the De Motte case since it appears that there the club's activities were civic and semi-public in nature. It used the rented premises for such purposes. Each member was entitled to three guest cards per year and nonmembers were admitted to the club meetings upon the payment of twenty-five cents. Gentlemen were welcome without charge at all regular meet-

ings and, as noted, it was a civic club. The club meetings being open to gentlemen free and to any woman for the price of twenty-five cents would make it at least a semi-public organization.

In the instant case, the public was not invited or admitted nor was there any admission charged. It was strictly a private dance club of ascertained membership and it functioned as such. Since we have concluded that the judgment and the order denying defendant's motion for judgment notwithstanding the verdict must be reversed on the ground that the motion should have been granted, it is not necessary for us to discuss the complaint made by appellant concerning the giving of certain jury instructions nor any other issue presented.

The order denying defendant's motion for judgment notwithstanding the verdict and the judgment are reversed and the trial court is ordered to enter judgment for the defendant with costs.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 2, 1958, and respondent's petition for a hearing by the Supreme Court was denied June 4, 1958. Carter, J., was of the opinion that the petition should be granted.