[S. F. No. 21115.   In Bank.   Sept. 27, 1962.]

LYNN HANSON, a Minor, etc., Plaintiff and Appellant, v. HERMAN W. LUFT et al., Defendants and Respondents.

William E. Barden and Robert J. Smith for Plaintiff and Appellant.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Defendants and Respondents.

DOOLING, J.*—Plaintiff, a child 5 years old, brought this action to recover damages for burns which she received when her pajamas were ignited while she was standing in front of an open gas heater in an apartment which her parents had rented from the defendants. The trial court sustained a demurrer to the second amended complaint without leave to amend. A photograph of the heater is made a part of the complaint, and it is alleged to have seven burners for the use of gas immediately in front of a backing of clay radiant; that the distance from the burners to the front of the heater is from 3 to $4\frac{1}{2}$ inches and at the top of the radiant the distance of the flame from the front of the canopy

---

*Assigned by Chairman of Judicial Council.

is 2 inches; that the height of the flame and radiant is 7 inches and its width 10 inches; that after burning for a few minutes the radiant becomes incandescent and attains a temperature of upwards of 700° Fahrenheit; and that there was no grillwork, screen, bars or any other device to prevent the clothing of persons coming in contact with the open flame. From the photograph and the allegations of the second amended complaint, it is clear that whatever the extent of the danger from the fact that the heater was open and unguarded the fact that it was so open and unguarded was obvious to any person who observed it.

Plaintiff attempts to state a cause of action on the theory that the hazard from this heater was known to defendants and unknown to plaintiff and that defendants did not warn plaintiff's parents or plaintiff of such danger.

It is the settled rule that while a landlord is under a duty to warn the tenant of any hidden danger or defect in the leased premises of which he has knowledge (*Shotwell* v. *Bloom*, 60 Cal.App.2d 303 [140 P.2d 728]; Prosser, Torts (2d ed.) pp. 466-467; Rest., Torts, § 358), there is no duty to warn the tenant of obvious and patent defects and dangers (*Hatch* v. *McCloud River Lumber Co.*, 150 Cal. 111, 113 [88 P. 355]; *Allen* v. *Paradise Grange No. 490, Inc.*, 159 Cal. App.2d 247, 250 [323 P.2d 468]; *Hogan* v. *Miller*, 153 Cal. App.2d 107, 114 [314 P.2d 230]; *Powell* v. *Stivers*, 108 Cal. App.2d 72 [238 P.2d 34]; *Colburn* v. *Shuravlev*, 24 Cal. App.2d 298 [74 P.2d 1060]).

It is also the rule that the landlord's liability to invitees of the tenant, including members of his family, is not greater than it would be to the tenant himself. If the defect is known to the tenant and the tenant fails to protect his invitee against it, the tenant may be liable but the landlord is not. The rule is quoted from 1 Tiffany, Landlord and Tenant, section 96(b), page 653, in *Shotwell* v. *Bloom, supra*, 60 Cal.App.2d at page 311: ''The lessee's knowledge is in effect imputed to the person injured, or rather, perhaps, it is the lessee's duty, not the lessor's, to inform persons, entering on the premises by the former's invitation or permission, of the dangerous condition. A different rule, requiring the lessor to give such information to every person whom the lessee may allow upon the premises, would impose on the lessor the duties of an occupant while divested of the benefits, and would in effect prevent the leasing of any premises in which there is a concealed source of danger to persons who

might enter thereon.'' The same idea is sometimes expressed by the metaphorical phrase that the invitee ''stands in the shoes of the tenant'' and so may recover against the landlord only if the tenant could recover. (*Shotwell* v. *Bloom, supra,* 60 Cal.App.2d at p. 311; *Runyon* v. *City of Los Angeles,* 40 Cal.App. 383, 392 [180 P. 837].)

The danger of any person, including the minor plaintiff, being burned if he came too close to the exposed and unguarded flames of the gas heater and of his clothes catching fire if they were brought into too close proximity to such flames must have been as obvious to the tenant-parents of the 5-year-old plaintiff as it was to the defendants-landlords. This danger was a patent one and under the settled rule there was no duty on the defendants as landlords to warn or advise their tenants of such danger.

It has been suggested that because of the allegation that ''defendants had a similar previous experience with the same heretofore described appliance in the same location and premises, wherein another minor child was burned,'' the defendants had knowledge of the danger from the heater to a small child which the parents of this plaintiff did not possess; that while the danger to an adult was patent, the danger to an immature child was latent because the parents might not realize that the child would not be aware of the danger to herself is she came too close to the heater, while the defendants, because of the burning of another child by the same heater, did realize this added element of danger to the child. This attempted distinction flies in the face of common knowledge. It is a commonplace taught by experience that an open fire of any sort presents a greater hazard to a small child because of his lack of judgment and understanding than it does to an older person. The familiar aphorism ''the burnt child dreads the fire'' is based on this evident fact. The ordinary open wood or coal fireplace and the flames of every gas stove used for cooking are similarly hazardous to the inexperienced child of tender years and that hazard is, or should be, patent to his parents. The plaintiff's parents with knowledge that the flames of this gas heater were open and unguarded chose to make use of it in their child's presence. It has been held in a number of cases in other jurisdictions that where premises are let to the parents of children with conditions existing which present a patent and obvious danger of injury to such children the duty of protecting the children from such obvious dangers rests upon

the parents who have elected to become tenants of such premises with knowledge of the condition of the danger to their children; and that the landlord cannot be held liable for injuries suffered by the children from such obvious and patent dangers. (*Jones* v. *City of Aberdeen, Md.,* 138 F.Supp. 727, 732; affd. sub nom. *Jones* v. *United States,* 241 F.2d 26, 29-30; *Reek* v. *Lutz,* 90 R.I. 340 [158 A.2d 145, 147]; *Golden* v. *Katz* (La.App.) 11 So.2d 412, 415; *Guidry* v. *Hamlin* (La.App.) 188 So. 662, 665; *Schiavone* v. *Falango,* 149 Conn. 293 [179 A.2d 622, 625-626].) The parents of this 5-year-old child must have been aware of the fact that the danger to the child from this open flame was greater, because of her immaturity, than it would be to an adult, and that they must for that reason exercise the proper and necessary care to protect her from its dangers.

Judgment affirmed.

Gibson C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.