WHYTE, J.
This ease comes before us on an agreed statement under rule 126. Prom this statement it appears that plaintiff and appellant Lisa Gustin is a minor who at the age of two *Supp. 931 years went to visit a tenant of respondents ’ under an oral lease of an apartment in respondents’ building. While so visiting, Lisa fell through a second floor window which was equipped with a screen which was defective in that it had no locking or latching mechanism, receiving injuries for which she sought damages. The trial court denied recovery finding that defendants owed no duty to plaintiff, a social guest of the tenant of the leased premises.
Under common law the general rule is that there is no liability upon the landlord either to a tenant or others for defective condition of the demised premises whether existing at the time of the lease or developing thereafter. (Prosser, Law of Torts (3d ed.) p. 412; Goddard, California Landlord and Tenant Law and Procedure, p. 179 et seq.; Priver v. Young (1923) 62 Cal.App. 405 [216 P. 966].)
This rule applies in California in the absence of (1) concealment of a known danger, (2) an express covenant to repair, or (3) a statutory duty to repair.
Plaintiff here stands in the shoes of the tenant insofar as the landlord’s liability or nonliability for failure to make repairs is concerned. (Hanson v. Luft (1962) 58 Cal.2d 443 [24 Cal.Rptr. 681, 374 P.2d 641].)
The first exception to the common law rule has no application to this case. As the tenant had full knowledge of the condition and had requested its repair (see finding 7) there was no concealment. (Dorswitt v. Wilson (1942) 51 Cal.App.2d 623 [125 P.2d 626].)
Although the trial court found that defendants had promised to repair the screen (finding 7) it also found that the oral lease by which the tenant occupied “did not provide a covenant to repair” (finding 3). Where there is no covenant in the lease, supported by the consideration which supports the lease itself, a subsequent promise to make repairs, unsupported by any further consideration, imposes no liability on the landlord for injuries arising from the unrepaired condition. (Metcalf v. Chiprin (1963) 217 Cal.App.2d 305 [31 Cal.Rptr. 571].) Hence plaintiff here cannot recover under the second exception.
Plaintiffs rest their claim mainly on the third exception. No state law imposing a duty upon the landlord to repair is pointed out by appellants. It is established that a landlord’s breach of the statutory duty to repair contained in Civil Code, section 1941 does not give rise to liability for injuries caused by such failure. (Priver v. Young, supra *Supp. 932 (1923) 62 Cal.App. 405; Gately v. Campbell (1899) 124 Cal. 520 at p. 523 [57 P.567].)
Appellants place much reliance on Ordinance No. 1773 of the City of Pomona and the case of McNally v. Ward (1961) 192 Cal.App.2d 871 [14 Cal.Rptr. 260], While general language regarding maintenance found in the Alameda ordinance construed in McNally resembles that found in Pomona Ordinance No. 1773, there is much more in the Alameda ordinance. It was expressly designed, among other things, to "safeguard life or limb” and contained a specific provision for installation and maintenance of hand rails on stairways. It was conceded at oral argument that the Pomona ordinance has no specific mention of screens. Hence screens are not a device or safeguard "which are required by this Code.” (See Ordinance No. 1773 as set forth in finding 9.) To find liability here on the basis of the general requirement to "maintain all parts of a building in a safe and sanitary condition” goes well beyond McNally and would be to change the common law rule without clear statutory authority.
An obvious question which immediately arises is safe for what? Safe to protect a two-year-old child that brushes casually against the screen; safe to protect the same child if it fell or pushed with its full weight against the screen; or safe to protect a two-hundred-pound adult who fell against the same screen ? A lead may be found both in a prior California case and in the State Housing Act. From both of these it appears that, in the absence of other statutory requirement, a safe screen is one sufficient to keep insects out.
In Schlemmer v. Stokes (1941) 47 Cal.App.2d 164, at p. 167 [117 P.2d 396], a case decided long before the Pomona ordinance was adopted, the court said, "It is a matter of common knowledge that a screen is not placed in a window for the purpose of keeping persons from falling out.” The State Housing Law (Cal. Admin. Code, tit. 8, ch. 3, art. 1, pt. 15, § 17904) provides "When in the opinion of the enforcement agency it is necessary for the health of the occupants of any building, insect screening shall be provided for each exterior door, window, or other opening.” [Italics ours.] In the light of this background we cannot find a legislative intent on the part of the council of the City of Pomona to impose a further or stronger duty on the landlord in derogation of the common law rule. Statutes are not presumed to alter the common law except to the extent they expressly so provide. (Morris v. Oney (1963) 217 Cal.App.2d 864 at p. 870 [32 Cal.Rptr. *Supp. 933 88].) The trial court was correct in its conclusion of law (number 3) that Ordinance 1773 “did not establish a statutory duty of care contravening the common law no duty rule.”
In light of the foregoing, the divided court opinion in Gould v. DeBeve (D.C. Cir. 1964) 330 F.2d 826, is not persuasive particularly considering the reliance of the majority on the factual conclusion of the trial court as to the establishment of a duty (which factual conclusion was the exact opposite of the conclusion of our trial judge) and the hard logic of Justice Miller’s dissent.
Such out-of-state eases as Saturnini v. Rosenblum (1944) 217 Minn. 147 [14 N.W.2d 108, 163 A.L.R. 294] and Shaw v. Butterworth (1931) 327 Mo. 622 [38 S.W.2d 57], rest upon an implied agreement to supply something more than mere insect screens. This is clearly pointed out in Chelefou v. Springfield Inst. for Savings (1937) 297 Mass. 236 [8 N.E.2d 769], See also Egan v. Krueger (1927) 103 N.J.L. 474 [135 A. 811, 58 A.L.R. 1450].
While we are aware that there is a growing tendency to find exceptions to the general rule and allow tenants and their guests recovery in this class of cases (see Prosser, supra, p. 411 et seq.) and that strong arguments can be made for a shifting of the burden of repairs to the lessor (18 Stan. L. Rev. 1397), as an intermediate appellate court we are bound by the law, both statutory and case, as it now exists. Further modifications must come, if at all, from the Legislature or reinterpretations by the highest appellate courts.
The judgment is affirmed; respondents to recover their costs on appeal.
Aiso, P.J., and Meyer, J., concurred.