[Civ. No. 889.   Fifth Dist.   Sept. 6, 1968.]

TRAVELERS INDEMNITY COMPANY, Plaintiff and Appellant, v. CHARLES B. TITUS, JR., et al., Defendants and Respondents.

Slinkard & Waterman and Theodore L. Slinkard for Plaintiff and Appellant.

Harold A. Parichan and R. W. Levy for Defendants and Respondents.

STONE, J.—Plaintiff insurance carrier appeals from an adverse judgment in a subrogation action predicated upon an insurance claim paid a landlord for fire loss alleged to have been caused by defendant tenants. The appeal encompasses an order denying a motion for judgment notwithstanding the verdict.

In January 1965 the Lombards leased their furnished home in Fresno County to defendants, by an oral lease. Before the lease was consummated, Lombard showed the premises to his prospective tenants and while viewing the back yard with defendant Titus, Lombard pointed to an incinerator and said, "This is where we burn our papers." Shortly thereafter the

lease was consummated, and the Tituses took possession while the Lombards toured Europe.

Mr. Titus burned waste in the incinerator two or three times, but Mrs. Titus used it for the first time the day of the disastrous fire, July 26, 1965, a hot, dry day. She placed some bamboo leaves and pieces of a pasteboard box in the incinerator about 2 p.m., then sprayed the sides of the incinerator and the ground around the base with water from a garden hose, and started the fire. She remained there with the water running for about 15 minutes. After the blaze died down and the residue was smoldering, she went into the house to look after a sick child. In about 10 minutes she returned to the yard to find the fence and a tool shed attached to the garage ablaze. The fire quickly spread to the garage and home, damaging them at least to the amount stipulated as damages at the trial, $29,950.

Plaintiff argues that the judgment must be reversed because defendants were guilty of negligence as a matter of law, that there is no evidence to sustain a finding that the landlord, plaintiff's subrogor, was guilty of contributory negligence, and that the court, in instructing the jury, used the wrong standard of care by which a landlord's duty of due care is to be measured in a landlord-tenant relationship.

We take up, first, plaintiff's contention that Mrs. Titus was negligent as a matter of law in starting the fire and burning at all. The provisions of section 4169 of Public Resources Code (now § 4446) forbids the burning of any flammable material in an incinerator unless the area within 10 feet of the periphery of the incinerator is maintained free and clear of all flammable material and vegetation. It also requires that the chimney or opening of an incinerator be covered with a screen constructed of nonflammable material, with no greater than a ¼-inch mesh. Lombard maintained the incinerator approximately 4 feet south of a redwood fence covered with vines, and 5 feet east of a tool shed attached to the garage which, in turn, was attached to the dwelling; rather than a ¼-inch mesh screen he used an old barbecue grill with parallel bars spaced about one inch apart. Manifestly, when Mrs. Titus started the fire in the incinerator under these conditions, she violated the statute in two respects. Since the statute was designed to protect against the very harm that resulted, Mrs. Titus was negligent as a matter of law. (*Hanna* v. *Lederman*, 223 Cal.App.2d 786, 792 [36 Cal.Rptr. 150]; 35 Cal.Jur.2d, Negligence, § 16, pp. 502-504.)

Defendants argue that under the doctrine of *Alarid* v. *Vanier,* 50 Cal.2d 617 [327 P.2d 897], upon which the court instructed the jury, if Mrs. Titus did what might be reasonably expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law, her violation of Public Resources Code did not constitute negligence. We have searched the record and we find no evidence upon which the jury might so find. When she lit the fire in the incinerator covered with a barbecue grill with one-inch openings, situated 4 feet from one flammable structure and 5 feet from another, she foreclosed any possibility of complying with the law or acting like one who desired to comply with the law.

Thus we look to the other side of the coin, plaintiff's contention that the landlord was free from negligence.

At the outset, plaintiff asserts that the landlord could not be found guilty of violating Public Resources Code section 4169, requiring that the area within 10 feet of the periphery of an incinerator be kept clear and the opening be covered with a screen of mesh not greater than $\frac{1}{4}$ inch, because the landlord did not light the fire. Plaintiff points out that the code section is prefaced by the language: "A person shall not *burn* any flammable material in any incinerator upon any property unless both of the following requirements are complied with: . . ." (Italics added.)

Such a narrow interpretation of the statute may be applicable to a criminal prosecution, or even to the doctrine of negligence per se, but striking the match is not controlling in a determination of contributory negligence. A landlord who furnishes an incinerator for the use of his tenant, that violates a statute designed to protect persons and property, may very well be guilty of contributory negligence where his property is destroyed as a result of the use of the incinerator. It is arguable that the landlord failed to act as a reasonable man in constructing, placing and maintaining an incinerator for his tenants' use, too near permanent flammable structures, with inadequate screens. Since it is arguable, it is a question of fact whether the fire damage resulting from the use of such an improperly constructed and improperly located incinerator was readily foreseeable. The jury was instructed on this theory of contributory negligence.

Plaintiff argues that the landlord was completely exculpated from liability arising from the condition and location of the incinerator by the rule of law that a landlord is

under no duty to warn his tenant of obvious and patent defects and dangers. (*Hanson* v. *Luft,* 58 Cal.2d 443, 445 [24 Cal.Rptr. 681, 374 P.2d 641].) But the *Hanson* doctrine relates to a landlord's liability to his tenant; we are concerned with the landlord's duty to himself to use ordinary care in the management of his property. (Civ. Code, § 1714.) Although under *Hanson* a tenant cannot avoid the consequences of his own negligence when he has been damaged in using his landlord's obviously dangerous property, the converse is not true; the tenant's negligence does not absolve the landlord from responsibility to himself for his own negligence in creating a dangerous condition that contributed to his own damage.

This is but to apply the well established principles of the law of negligence: that one doing an act which a reasonably prudent person would not do, or failing to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs, is guilty of negligence. Certainly the result was as foreseeable to the landlord as to Mrs. Titus, and we conclude that the landlord subrogor failed to use ordinary care in the management of his property and therefore cannot recover from Mrs. Titus, whose negligence also contributed to the happening of the accident. In short, the basic question is whether the passive negligence of the landlord was a proximate cause of his own damage; the jury found that it was. There is evidence in the record to sustain the finding.

It follows that we conclude the trial court did not err in refusing to give an instruction on contributory negligence couched in the terms of the doctrine enunciated in *Hanson* v. *Luft, supra.*

In the circumstances, discussion of the denial of plaintiff's motion for judgment notwithstanding the verdict is obviated.

The judgment and the order are affirmed.

Conley, P. J., and Gargano, J., concurred.